## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARVIN C. GILL,**

    **Applicant,**

**v.**                                     **Case No. 8:19-cv-1507-T-23AAS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,** *et al.,*

    **Respondent.**

_____/

## O R D E R

    THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2254 Application for

Writ of Habeas Corpus.  (Doc. 1)

    **This Order modifies the procedures for submission of papers when an**

**application under 28 U.S.C. § 2254 for the writ of habeas corpus has been filed.**

    Having found that the application warrants a response, the court orders:

**As to the Respondent**:

                1. Within 14 days of the date of this order, counsel for the
respondent shall file a notice of appearance.

                2. The respondent has **90 days** from the date of this order to
respond to the grounds raised in the application and show cause
why the application should not be granted.  **RESPONDENT
SHALL NOT EXPECT AN AUTOMATIC EXTENSION OF
TIME.**

                3. The response shall respond to each of the allegations in the
application. The response shall be specific to this action and shall
refer to applicant by name, not "defendant" or "appellant."

4. The response shall state whether the applicant has exhausted all state remedies including any post-conviction remedies available under the statutes or procedural rules of the state, including the right to appeal both from the judgment of conviction and from any adverse judgment or order in a post-conviction proceeding. If it is denied that the applicant has exhausted all state remedies, the response shall contain, in detail, an explanation of which state remedies are unexhausted.

If the respondent alleges that the application is time-barred, the respondent is not required to respond to all grounds raised until the court addresses the time-bar. Instead, the response should be limited to the timeliness issue and provide all portions of the state court record needed to determine timeliness. If the applicant believes that the state court record as provided by the respondent omits a pertinent motion, brief, order, or transcript that is relevant to the timeliness issue, the applicant may move to expand the record to include the omitted item. If the court determines that the application is time-barred, the court will dismiss the application without addressing the merits of the claims. If the court determines that the application is timely, each party will have the opportunity to later address individual grounds in the application.

5. The respondent shall file the state court record no later than seven days after the response is filed. The state court record shall include as separate exhibits, each relevant portion of the state court proceedings, including circuit and district court orders, post-conviction motions, appellate briefs, and transcripts of pre-trial, trial, and post-conviction proceedings. The respondent shall electronically file the record on CM/ECF instead of by paper. The record shall include an electronically bookmarked index with sufficiently detailed bookmarks that identify the title of each exhibit and the page location within the record as filed in CM/ECF.

6. The respondent shall serve a *pro se* litigant with a paper copy of the record upon which the response relies. *See Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1078 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1170 (2015). The same requirement governs any supplemental exhibit the respondent files in this action.

7. The response shall contain a citation to a state court opinion that is reported and a copy of a state court opinion on which the respondent relies that is not reported.

**As to the Applicant:**

1. The applicant shall send to the respondent(s) a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the court. After counsel has appeared for the respondent(s), the copy shall be sent directly to counsel for the respondent(s), rather than to the respondent(s) personally. The applicant shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to the respondent(s) or counsel for the respondent(s). If any pleading or other paper submitted to be filed and considered by the court does <u>not</u> include a certificate of service upon the respondent(s) or counsel for the respondent(s), the paper will be stricken from this case and disregarded by the court. The applicant shall provide the court with a current mailing address at all times, especially if applicant is released from custody. The failure to do so may result in the dismissal of this action.

2. The applicant has **30 days** after the response is filed to file a reply to the response. The court will not address new grounds raised in the reply. *Oliveiri v. United States*, 717 F. App'x. 966, 967 (11th Cir. 2018) (citing *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not property before a reviewing court.")). The reply shall not exceed 20 pages.

**As to the Clerk of the Court:**

1. The Clerk of the Court is directed to electronically send a copy of this order, the application (Doc. 1), any memorandum and exhibits filed with the application, to the respondent(s), including the Attorney General of the State of Florida.

2. The clerk is directed to mail a copy of this order to the applicant.

3.  The motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

ORDERED in Tampa, Florida, on July 12, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 1 of 102 PageID 105
Case 8:19-cv-01507-SDM-MRM Document 1 Filed 06/11/19 Page 1 of 342 PageID 105
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 4 of 105

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): *Marvin C. Gill* | | Docket or Case No.: *8:19 cv 1509 T 36 AAS* |
| Place of Confinement: *Okeechobee Correctional Institution 3420 N.E. 168th street Okeechobee, Florida 34972* | Prisoner No.: *827207* | |
| Petitioner (include the name under which you were convicted) *Marvin C. Gill* | v. | Respondent (authorized person having custody of petitioner) *Warden, Lars Severson* |
| The Attorney General of the State of: | | |

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

   *Circuit Court of Pasco County, Florida*
   *Oak street, Dade City, Florida*

   (b) Criminal docket or case number (if you know): *87-1377-CFAes*

2.   (a) Date of the judgment of conviction (if you know): *New Judgment entered April 25, 2017*

   (b) Date of sentencing: *Re-Sentenced April 25, 2017 but see 9(f) ) this petition*

3. Length of sentence: *"Life" on count one but see 9(f)   this petition*

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: *As to the New Judgment;*
   *Sexual Battery on count one of Indictment Number 87-1377 CFAes,*
   *in violation of F.S. 794.011(2).*

6.   (a) What was your plea? (Check one)

       ☒ (1)  Not guilty    ☐ (3)  Nolo contendere (no contest)

       ☐ (2)  Guilty    ☐ (4)  Insanity plea

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 2 of 102 PageID 106
Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 06/25/19 Page 2 of 142 PageID 10
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 5 of 105

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _Not Applicable, "N/A"_

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Second District Court of Appeal, Lakeland, Florida_

(b) Docket or case number (if you know): _2D-1728_

(c) Result: _Per Curiam Affirmed (with line opinion)_

(d) Date of result (if you know): _March 21, 2018_

(e) Citation to the case (if you know): _(Not Known)_

(f) Grounds raised: _Ground One: Gill had a Constitutional Right to be present at Resentencing and voice his objections as to why he should not be resentenced to count one in that: (A) Gill had been "acquitted" of that Count one in several ways. (B). Collateral Estoppel would have barred Gill's retrial. (C). Under Florida law, the verdict would have been a "true inconsistent verdict." (D). A double Jeopardy violation occurred in that Count's one, two and three were one and the same offense since, they involved the same person at the same place and same time._

_Ground Two: The Trial court erred by its failure to issue an entirely New amended sentencing order on Gill's 3.800(a) motion to correct his illegal sentence where his sentence still remains illegal._

_Ground Three: The Trial court erred by dismissing Gill's timely and authorized "in arrest of judgment motion" claiming that it was untimely filed. or, in the alternative, the Trial court could not have issued a (Nunc pro tunc) order._

Case 8:19-cv-01507-SDM-AAS Document 7-1 Filed 07/15/19 Page 3 of 102 PageID 107
Case 8:19-cv-01507-SDM-AAS Document 1 Filed 06/21/19 Page 3 of 102 PageID 3
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 6 of 105

**Ground Four:** Gill contends in his arrest of judgment motion that a "manifest injustice" occurred when he was placed in jeopardy multiple times for the "same" offense of capital sexual battery F.S. (794.011(2)) (1987) which occurred to the "same" person(s) at the "same" time and location. Thus a violation of his fifth amendment right under the United States Constitution and article 1 sec. 9 of the Florida constitution both of which prohibits placing a defendant in jeopardy twice for the "same" offense after an acquittal.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court: _____N/A_____

(2) Docket or case number (if you know): _____N/A_____

(3) Result: _____N/A_____

(4) Date of result (if you know): _____N/A_____

(5) Citation to the case (if you know): _____N/A_____

(6) Grounds raised: _____N/A_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____N/A_____

(2) Result: _____N/A_____

(3) Date of result (if you know): _____N/A_____

(4) Citation to the case (if you know): _____N/A_____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _Pasco County Circuit Court, Dade City, Florida_

(2) Docket or case number (if you know): _87-1377 CFAES_

(3) Date of filing (if you know): _March 7, 2019_

(4) Nature of the proceeding: _a second 3.800(a) motion alleging an illegal sentence._

(5) Grounds raised:

(1). The Pasco County Trial Court Lack legal authority to resentence Gill (NUNC pro tunc) under the circumstances of his case. (2). Trial Court failed to resentence Gill as to count one Notwithstanding that the Court had ordered an entirely New Judgment and sentencing to be issued, (3). Counts two and Five still remain on Gill's (1995) Sentencing Order even though he had been "acquitted" of those offenses and (4). Gill's charging Indictment was (fatally flawed) where it Contained two separate and distinct offenses charged in each Single Count, thus, Gill cannot be convicted of a Non existing offense.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No   Motion is still pending

(7) Result: This Amended Second Motion to Correct an il-legal Sentence is pending before the Pasco County Trial Court as of this filing date. Please Note: This Federal habeas corpus 28 U.S.C. 2254 is being filed out of "abundance of Caution" Notwithstanding that the Second Amended Motion to Correct an illegal Sentence is currently pending in the Pasco County Trial Court. This timely filing is made in case there may be some sort of "procedural bar" that would render Gill's attack on his New Judgment and Sentence untimely under the one year plus 90 days AEDPA Rule. Gill respectfully request this court to hold its ruling on this petition in "abeyance" until such time as the Pasco County Trial Court makes its Ruling on the pend-ing Amended Second Motion to correct an illegal sen-tence. A motion to hold this petition in abeyance will be filed under a separate cover.

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 5 of 102 PageID 109
Case 8:19-cv-01507-SDM-MRM Document 1 Filed 06/21/19 Page 5 of 34 PageID 5
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 8 of 105

(8) Date of result (if you know): _____ *Pending* _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ☒ No

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ☒ No

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ❏ No

    (2) Second petition:    ❏ Yes    ☒ No

    (3) Third petition:    ❏ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

Gill contends that he is "actually in-nocent" of count one "Sexual Battery" in that he was factually acquitted of that offense in the following ways:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(A). In his first Trial he was "factually" acquitted at mid-Trial of count three, "Sexual Battery," in that, counts one and three were one and the same sexual battery offense. The acquittal of count three occurred (1) day prior to the conviction on count one.

(B). In Gill's first Trial he was found guilty of count two by his jury of lewd and lascivious (F.S. 800.04(2), which was a lesser included offense of the sexual battery offense charged in count one, where counts one and two were one and the same offense and where a "conviction" of the lesser included offense acquits of the greater offense.

(C) Gill was ultimately factually acquitted of the entire count two, (F.S. 800.04(2) at a January 8, 2002, Evidenteary hearing where counts one and two were one and the same offense and where an "acquittal" of the lesser included offense acquits of the greater offense.

### Federal Standards Must Apply

Gill understands that case law and legal analysis are usually not authorized in an initial 2254 petition. However, under the circumstances of Gill's case, the prior rulings of this Court and the Current Federal District Court holding as to the sexual battery statute, Gill fears that his issue of (actual innocense) will not be properly understood by the State or this Court unless the following federal standards are applied.

In this **Ground one**, Gill will contend that his Fifth and Fourteenth amendment **Double Jeopardy** Rights under the United States Constitution were violated were he is currently convicted and sentenced for an offense in which he has been "**acquitted**" of in multiple ways. Thus, relieving him of his criminal liability of that offense thereby constituting "**actual innocense**". Gill contends that his **acquittal** represent "actual innocense" and that contention is supported by such federal case laws as; **Kossler-V. Crisant** 564 F. 3d 181, 192 (3rd Cir 2009) as quoted in **Clark V. Canahan** 737 F. Supp. 2d 239 (M.D. penn 2010). Where those Courts held that there were (6) ways that a person can demonstrate his innocence ("___(5) an "**acquittal**" or (6) a final order in favor of the accused by the Trial or appellate Court." This contention is also supported by our United States Supreme Court in **Evans V. Michigan**, 133 S. Ct. 1069, 1075. (2013) Where that court held:

> Most relevant here, our cases have defined an **acquittal** to encompass any ruling that the prosecutions proof is insufficient to establish criminal liability for an offense ___ (Citations ommitted) Thus, an "**acquittal**" includes "a ruling by the court that the evidence is insufficient to convict" a "factual finding [that] necessarily establish[es] the criminal defendants lack of criminal culpability" and any other ruling which relate[s] to the ultimate question of guilt or innocence.

In establishing this double jeopardy **acquittal** violation Gill will rely on a ruling held by the **Eleventh Circuit** in; **Stoddard v. Sec'y (Fla) Dept. of Corrections**, 600 F. App. 696 (11th Cir 2013) ("Although state law governs the interpretation of a state criminal statute, Federal law governs the evaluation of a federal "**double jeopardy**" claim. See **Tarpley V. Dugger** 841 F. 2d 359, 364-5 (11th Cir 1988")). Therefore. Gill respectfully request this Court to apply

the Rule of **Brown V. Allen**, 73 S. Ct. 397 (1953) where a defendants:
Final Judgment of a State Court in Violation of the United States Constitution is entitled to have the federal habeas Court make its own independant determination of his federal claim without being bound by the determination on the merits of that claim reached in the State proceedings. [as quoted from **Mars V. Mount**, 895 F. 2d-1348 (11th Cir. 1990].

Thus, Gill request this habeas Corpus Court to make a merit determenation of his **double jeopardy/acquittal** issues under the federal standards as required by our United States Supreme Court in **Ashe V. Swensen**, 90 S. Ct. 1189, 1197 (1990) holding:

Because of **Benton V. Maryland**, 89 S. Ct. 2056 (1969); This means that federal standards as to what constitutes the same offense applies alike to Federal and State proceedings. It would be incongruous to have different standards determine the validity of a claim of **double jeopardy** depending on whether the claim was asserted in a State or federal Court C.F. **Mallory V. Hogan**, 84 - S. Ct. 1189, 1195 (1964).

**Counts One, Two and Three were one and the same Capital Sexual Battery offense. F.S. 794.011(2)**

Gill contends that whether counts one Two and Three were one and the same offense will determine whether he was placed in jeopardy multiple times for the same offense and whether or not he was "**acquitted**" of that offense. The state claims that the Three counts are "separate and distinct" offense and therefore No double jeopardy issue exist

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 9 of 102 PageID 113
Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 06/25/19 Page 9 of 102 PageID 9
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 12 of 105

In Gill's prior petition 28 U.S.C. 2254 to This Court, this federal District Court adopted the State's position without making an independant federal double jeopardy analysis of the issue there, ruling that; "The state Court correctly ruled that an objection based on double jeopardy was NOT supported by Florida law and Therefore, Counsals performance was neither deficient or prejudical. The state court's decision was NOT unreasonable." However, since that Court's ruling, there has been substancial changes made by the Florida Supreme Court. in the **double jeopardy** analysis of the sexual battery statute. It now appears that the Trial Court's ruling as to the use of; **Blockburger v. United States**, 52 S.Ct. 180 (1932) has been overturned by **Graham v. State**, 207 So.3d 135 (Fla. 2016). Therefore, this Court must make an "**independant Analysis**" of the double jeopardy issue because The **Graham** Court has conceded that Florida Courts have been (**dead wrong**) in applying **Blockburger** "same elements" test to a "**single**" criminal offense and instead should have been using **Blockburger's** "**distinct acts**" test. Gill contends that **Graham's** use of the "distinct acts" test is an even more erroneous conclusing than the "same elements" test under F.S. 775.021 (4)(a)(1987). There, the **Graham** Court adopted **Blockburger** "distinct acts" test notwithstanding the Florida Legislature did NOT authorize hint or suggest that each distinct sexual act constitute a separate Criminal offense. Thus, the specific request for this Court to make an independant analysis of the double jeopardy **acquittal** in this case.

(b) If you did not exhaust your state remedies on Ground One, explain why. I did Not argue "actual innocence" because there is no means for that argument in state court. However, I have exhausted the acquittal/double jeopardy issue that constitutes the "actual innocence" in : The Trial Court of Pasco County on Direct Appeal (s) and Postconviction Relief (s) and in the Okeechobee County Circuit Court by means of habeas Corpus and its Appeal to the Fourth District Court of Appeal.

Case 8:19-cv-01507-SDM-MRM   Document 71   Filed 07/15/19   Page 10 of 102 PageID 114
Case 8:19-cv-01507-SDM-AAS   Document 1   Filed 06/21/19   Page 10 of 34 PageID 10
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 13 of 105

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *I raised the double jeopardy/acquittal issue but not the "actual innocence" issue to the Second District Court of Appeals*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Motion to Correct an illegal Sentence*

Name and location of the court where the motion or petition was filed: *Pasco County Circuit Court, Dade City, Florida*

Docket or case number (if you know): *8741377 CFAES*

Date of the court's decision: *April 3, 2017*

Result (attach a copy of the court's opinion or order, if available): *See Exhibits (A)(B) and (C)
Exhibit "A" Courts April 3 2017 Order. "B + C" Judgment and Sentencing issued April 25, 2017*

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Second District Court of Appeals Lakeland, Florida*

Docket or case number (if you know): *2D17-1728*

Date of the court's decision: *March 21, 2018*

Result (attach a copy of the court's opinion or order, if available): *See Exhibit (D)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*As explained previously the double jeopardy and acquittal issues were raised as a "manifest injustice" issue(s) but not the (actual innocence) issue which Florida has no provisions for.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *The double jeopardy/acquittal issue was raised via habeas Corpus in the Okeechobee County Circuit Court and was appealed to the Fourth District Court of Appeals*

**GROUND TWO:**

*Gill contends that his Fifth and Fourteenth Amendment Rights were Violated where he was put to Trial a second time for an offense that he had been acquitted of in his First Trial a double jeopardy Violation.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The Record in this case will show and as argued in Ground One of this petition, Gill was acquitted of Count One, Sexual Battery (794.011 (2)(a) (1987) when; (1) The Trial Court granted a J.O.A. on count Three and (2) When the jury found him guilty of Lewd and lascivious, 800.04 (2) (1987) as to Count Two which Gill was ultimately acquitted. This is so because Counts One, two and Three constituted one and the same sexual battery offense as demonstrated in the Ground One argument. Notwithstanding, having been "factually" acquitted of the Count One offense, the state hauled him back to a second Trial, to run the gantlet a second time, on the very same "sexual battery offense." Consisting of the very same evidence that he was "acquitted" of in his first trial. Gill complained of this very issue prior to his (1995) retrial. However, the States attorney bamboozled Gill's Trial Counsel into believing the problem could be solved by drafting and using a mock Information "instead of relying on the original Indictment which contained the acquittal counts of the same sexual battery as Gill was standing a retrial on. Thus, a violation of his Fifth amendment Right under the United States Constitution.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: *Exhausted.*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *Exhausted in this appeal, and on prior post conviction appeals.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *prior 3.850 and its appeal and this instant 3.800(a)*

Name and location of the court where the motion or petition was filed: *pasco County Circuit Court and the second District Court of appeals, Lake Land, FL plus the Circuit Court of Okeechobee County and an appeal to the Fourth District Court of Appeals*

Docket or case number (if you know): *2017-1728, 206 So.3d 43 (Fla 2nd DCA 2015) and the prior appeals to the second DCA and Fourth DCA.*

Date of the court's decision: *2018, and 2015 and prior post conviction appeals*

Result (attach a copy of the court's opinion or order, if available): *See Ex."D" to this petition. The prior Court opinions have been Lost over time.*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Second District Court of appeals and The Fourth District Court of appeals*

Docket or case number (if you know): *2017 1728 and 206 So.3d 43 (Fla 2nd DCA 2015)*

Date of the court's decision: *2018, 2015 and all prior appeals*

Result (attach a copy of the court's opinion or order, if available): *Exhibit "D" is the only opinion I have.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Raised.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *This issue was raised on a habeas Corpus to the Okeechobee County Circuit Court and appealed to the Fourth District Court of appeals.*

**GROUND THREE:** *Gill Contends that his FIFTH and FourTheenTH Amendment Rights were violated where the state was allowed to evidence alleged crimes that he had been "acquitted" of in his First Trial, to prove up the Count One Offense, an Ashe V. Swenson Violation.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

This issue was previously raised as an ineffective assistance of Counsel issue in Gill's 3.850 motion from his (1995) re-trial. Also re-raised in the appeal of his (2017) resentencing. Both Appeals were PCA'ed by the Second District Court of Appeals. There, Gill alleges that his Constitutional double jeopardy Rights were violated when The State's Prosecutor placed into evidence alleged Crimes of which he had been acquitted of in his First Trial to prove up the "Sexual battery" offense alleged in Count One Office. Gill alleges that the "Acquitted Crimes" were put fourth before the jury more than 20 times thus, becoming the focal point of his trial. Fact being, The acquitted offenses of Counts two and three were one and the same offense as Count one as argued in Ground ONE of this Petition.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Exhausted Gr. Three.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: "Raised the issue"

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: (1997) 3.850 Motion and its appeal, (2017) 3.800(a) Motion and Appeal

Name and location of the court where the motion or petition was filed: Pasco County Trial Court and Second District Court Appeal, Okeechobee Circuit Court and Appeal To 4th DCA.

Docket or case number (if you know): 2D17 and 206 So. 3d 43 (Fla 2nd DCA 2015)

Date of the court's decision: 2001, 2015 and 2018

Result (attach a copy of the court's opinion or order, if available): ONLY have opinion of (2018) appeal all others were Lost by prison officials.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No See below: Received hearing on (1997) Petition but No hearing on (2017) Motion

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Second District Court of Appeals Lakeland, Fla.

Docket or case number (if you know): _Docket #(2018) Case 2017-1728 2nd 206 5.3d 43 (Fla 2nd DCA 2015), plus prior 3.850 motions._

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _have only Ex."D" all others_ _have been Lost by prison officials_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Exhausted._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _This issue was exhausted in a habeas Corpus Petition to the Okeechobee County Circuit Court and its appeal to the 4th DCA. West Palm Beach, Fla._

**GROUND FOUR:** _The Trial Court Violated Gill's Sixth Amendment, Right under the United States Constitution by denying him the right to represent himself at the (1995) re-trial of his case a Faretta .V. California Violation._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_This issue was previously raised to this District Court in The case of: Marvin C Gill .V. P.J. Mccusker. Case No.: 04-00140 C.V. T-23 MAP. 2nd was intertained on Appeal to The Eleventh Circuit in Case No.: 08-13773. There, that Court denied Gill's Petition on The bases of: Harrington .V. Richter by Not Looking Through the Second District Court's "PCA" to the the Trial Court's Last reasoned opinion. See Eleventh Circuit's opinion at page 29-30 of its Order:("The state Trial Court's Comments [Ruling and/or Order] at the March 6th (1995) 2nd July 18. (1995) hearings are Not the object of our inquiry. Because The plain Language of AEDPA requires federal Courts to examine The relevant "decision", our inquiry must consider whether the outcome of the state Court proceedings permit a grant of habeas relief as in This case.") However, our United States Supreme Court has changed the Landscape on this issue in: Wilson.V. Sellers, 27 Fla.L. Weekly (Fed) S183. April 17, 2018. Case No. 16-6855. Thus, by such a change or re-interperation of the Law, The Law of the Case must Not apply. Therefore, Gill raises the issue on his New (2017) Judgment and Sentence. Gill made_

Case 8:19-cv-01507-SDM-MRM Document 71 Filed 07/15/19 Page 15 of 102 PageID 519
Case 8:19-cv-01507-SDM-AAS Document 71 Filed 06/24/19 Page 15 of 34 PageID 519
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 18 of 105

Several unequivical written and oral request to represent himself at The March 6, 1985 hearing, before Trial of his case, and even more oral request during his July 1985 New Trial. Nevertheless. The Trial Court Never Conducted a Faretta hearing and "Flat-out" denied Gill the right to represent himself. There, acknowledging that Gill had made The request but That his request to represent himself was Not knowingly and intelligently made because of the complexity and severity of his case he could not be competent by Trial date.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Exhausted on (1985) Direct Appeal and argued to This Court and the 11th Circuit Court

(c) **Direct Appeal of Ground four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No
This issue was raised on 1985 Direct Appeal and the 3.850 Motion Following Appeal

(2) If you did not raise this issue in your direct appeal, explain why: The issue was exhausted in State Court on Gills (1985) re-trial Direct Appeal and argued before This Court and the Eleventh Circuit however on the "wrong" application of Laws.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____N/A_____  _____

Note questions 3-7 does Not apply to This issue and are N/A. Also Section (e) does Not apply.

Ground Five:

The Trial Court violated Gills Sixth Amendment Right under the United States Constitution by: (A). Forcing Gill to his re-trial with an Attorney with whom there existed a severe conflict of interest. a Cuyler v. Sullivan Violation. (B). Because of that severe conflict, Dayton provided ineffectiveness of Counsel in the preparation of Gills retrial, a Strickland v. Washington Violation.

Case: 8:19-cv-01507-SDM-RAS Document 71 Filed 07/15/19 Page 16 of 102 PageID 120
Case: 8:19-cv-01507-SDM-RAS Document 71 Filed 07/15/19 Page 16 of 102 PageID 120
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 19 of 105

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The record from Gill's (1985) retrial will demonstrate that a severe conflict of interest existed between Gill and William Dayton, his appointed Counsel. This conflict existed well before Dayton was appointed to Gill's (1985) re-trial. Please Note That, the Conflict and Counsel's ineffectiveness are interrelated issues and will be Co-mengled together as the record in this will show, one contributed to the other. The Conflict intensified when Gill Learned that Dayton was "financially" unable to prepare for trial and that many of the preparations Necessary were not being made. Then is when Gill filed for an appointment of substitute Counsel and Dayton recognizing the conflict and his inability to prepare for The Trial, filed for Leave to withdraw from Gill's case, citing a severe Conflict of interest as his reasons to withdraw. The Trial Court held a partial hearing (but Not the required Nelson hearing) There Not recognizing Dayton's financial problems Nor his inability to prepare the case, denied Dayton's motion. During the next Several months the Conflict further intensified and Dayton did Nothing to prepare for Gill's re-trial. He did Not interview any of Gill's many witnesses did not review The prior Trial Transcripts and made No preparations whatsoever, relying solely on his "play it by ear" theory. Finally Gill filed a Motion to Discharge Dayton and that he would represent himself Pro se. A hearing was held on March 6, 1985 where Dayton "again" renewed his motion to withdraw from The Case, citing a severe Conflict of interest with Gill. As the March 6, 1985 Transcripts will show, The Trial Court denied both Motions. Communications between Dayton and Gill were Non existant for the next (4) months and Nothing further was prepared for the upcoming Trial. A few days before the New trial, Gill was able to hire private Counsel Steven Herman. In Order for Herman, Dayton and Gill to meet and be on the same page, Gill had to send his Brother to Dayton's office with expense monies So That Dayton could make 30 mile trip to County Jail. There Herman and Gill Learned That Dayton planned to put on No defense whatsoever and that he had done Nothing for trial. See Herman's Affidavit to That effect at Exhibit "E". When Gill's retrial began on June 20, 1985, both Gill and Attorney

Herman realized that Gill's retrial was in serious jeopardy. Dayton had subpoenaed No defense witnesses even though more than a dozen existed, had Not obtained any expert defense witnesses and admitted on the Record that he planned on putting on No defense whatsoever. The Record will demonstrate that Gill made every effort possible to dismiss Dayton as Lead Attorney and represent himself pro se. However, The Trial Court denied all Gill's pro se request, stating That Dayton was doing good and forced Gill to act in a meaningless CoCounsel position. State Law suggest that a Trial Counsels decision to do Nothing and put No defense is per se ineffective. Gill Contends that "if" Not for forcing him to Trial with Conflict Counsel and That Counsel's ineffectiveness as the record will demonstrate the outcome of his Trial would (more Likely than Not) been different. The prejudice prong of The Strickland test is overwhelming as will be demonstrated in a "memorandum of Law" on these issues.

(b) If you did not exhaust your state remedies on Ground *Five* explain why: <u>Exhausted Both Issues</u>

(c) **Direct Appeal of Ground** *Five* :

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

Raised the "Conflict of Counsel" on the (1998) Direct appeal, and was raised on Gill's First habeas Corpus to This Court, Case #8:04-cv-140-T-23-MAP.

(d) Post Conviction proceedings: Yes, The ineffective Assistance issue was raised in a <u>3.850</u> Motion to the pasco county Trial Court and appealed to the Second District Court of Appeals Case # _____ all of which is a record of <u>this Court</u> in its Case #8:04-cv-140-T-23-MAP. Petitioner No Longer has any Records which were destroyed by D6C officials years ago. This should answer questions 1-7 of Section (d).

(e): Other Remedies: Ground *Five* has been Throughly Exhausted in State Court.

13: As to question #13. Yes, all grounds for relief have been raised to The State Court having jurisdiction. except as to The (Actual Innocence) issue however, <u>the double jeopardy and acquittal</u> issues That Constituted the "actual innocence" have been throughly exhausted in <u>all</u> State Courts.

Case 8:19-cv-01507-SDM-MRM Document 71 Filed 07/15/19 Page 18 of 102 PageID 122
Case 8:19-cv-01507-SDM-MRM Document 71 Filed 06/24/19 Page 18 of 34 PageID 18
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 21 of 105

.14. As to question (14): Yes, I have filed a previous 2254 to This Court in case # 8:04-cv-140-T-23 MAP but Gill is "unsure" as to whether This petition is considered That judgment of conviction or rather his New Judgment and Sentence of 2017 applies. The previous 2254 Petition was appealed in part to The Eleventh Circuit in case # 08-13773 Seen as: Gill.V. Mecusker, 633 F.3d 1272 (CA 11 (Fla) 2011). Cert. Denied by United Supreme Court. Case # 11-6984 (2011). All Records and opinions were distroyed by DOC officials some years ago.

15. As to question 15: Yes, I presently have an Amended Second Motion to Correct an illegal Sentence (3.800(a)) pending in The Pasco County Circuit Court, Pasco County, Dade City, Florida. There, alleging that my 2017 re-Sentencing still remains illegal and also alleging that my (1987) Indictment was (fatally flawed) and is a Nullity. This Second (3.800(a)) Motion has been pending Since March 6, 2019 and Should Toll my (1) year AEDPA Time Limits. However, Gill is filing This habeas 2254 Petition out of an (abundance of Caution) to en-Sure his timelyness in case of (Some Kind) of Pro-cedural bar The State or Court Might assert. This New Motion is filed under Case # 87-1377 CFAES, State. V. Marvin c. Gill.

16. Attorney's who represented Me at The following:

A. preliminary hearing: R. Carbello, Sixth Judicial Circuit public Defenders Office Dade City, Florida.

b. At Arraignment: "Same as above."

c. At Trial: William Dayton a Special public Defender from The Sixth Judicial Circuit's public Defenders Office and Steven Herman (Retired) 38537 5th Ave Zephyrhills, Fla 33540.

D. On appeal: Marvin Gill (prose)

e. At Sentencing: William Dayton and Steven Herman.

F. Postconviction: marvin Gill prose

G. appeal of Postconviction: marvin c. Gill pro se.

-18-

Case 8:19-cv-01507-SDM-MRM Document 71 Filed 07/15/19 Page 19 of 102 PageID 123
Case 8:19-cv-01507-SDM-MRM Document 71 Filed 06/21/19 Page 19 of 34 PageID 12
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 22 of 105

17. As to question # 17: I have No future sentence to Serve.

18. <u>Timeliness of Petition:</u> As a results of a <u>3.800(a) Motion</u> the Pasco County Trial Court Ordered an entirely New Judgment and Sentencing to be Conducted on April 3, 2017. On April 25, 2017 The Trial Court issued That New Judgment and Sentence (Nunc pro tunc) to July 20, 1995. See Court's April 3, 2017 Order at Exhibit "A" to This Petition and its April 25, 2017 Amended Judgment and Sentence at Exhibit "B" and "C". There, The Court eliminated Counts <u>Two</u> and <u>Five</u> from Gill's (1995) "Judgment" which amounted to a 30 year reduction, because Gill had been acquitted of Those two Counts at a January (2002) Evidentiary Hearing and granted Gill credit for Prior Prison Time Served (Nunc pro tunc) to 1995. The New Amended Sentencing Order specifically directed that Gill, "be delivered to The Department of Corrections at the facility designated by the Department together with a Copy of This Judgment and Sentencing — — —." However, the Trial Court <u>failed</u> to resentence Gill to Count <u>One</u>. Thus, his official DOC "Sentencing" documents will Show Counts two and Five running Consecutive to each Other and Consecutive to Count <u>One</u> or a Sentence of <u>Life</u> plus <u>30</u> years. Gill appealed This still "illegal Sentence" to The Second District Court of Appeals which PCA ed the Appeal with a Live opinion on March 21, 2018. Gill did Not file Cert. to the United States Supreme Court Thus, his <u>One</u> year <u>AEDPA</u> time began on <u>June 20, 2018</u>. Therefore, Gill's <u>One</u> year AEDPA Time Will expire on <u>June 19, 2019</u> unless tolled by his pending (3.800(a) Motion. This timely filed Petition.. This "New 2254 Petition" is based on the holdings of: <u>Patterson v. Sec'y (Fla) Dept of Corrections</u>, 849 F.3d 1321 (11 cir 2017).

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *The Conviction and Sentence should be Vacated because Gill is innocent of the Offense charged or in The alternative, afford Gill a New Trial with effective Counsel*

or any other relief to which petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on *June 18, 2019* (month, date, year).

Executed (signed) on *June 18 2019* (date).

_____
Signature of Petitioner

In The United States District Court
Middle District of Florida

Marvin C Gill.
        Petitioner.

Vs                              Case No.:_____

Lars Severson, Warden.
Okeechobee Correctional Institution.
        Respondent.
_____/

## Appendix

Exhibits                                        page No:

A. Trial Court's April 3, 2017 Resentencing Order ___ ___

B. April 25, 2017 Amended Judgment ___ ___ ___ ___ ___ ___

C. April 25, 2017 Amended Special Provisions ___ ___ ___ _

D. Second District Court's Per Curiam opinion March 21, 2018 ___ __

E. Sworn Affidavit of Steven Herman, Attorney ___ ___ ___ ___ ___ _

21

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CRIMINAL DIVISION**

STATE OF FLORIDA,

|  |  |
|---|---|
| | **CASE NO.:   CRC87-01377CFAES** |
| | (Aux. Case No.: CRC02-A0108CFAES) |
| | **UCN:        511987CF001377A000ES** |
| **v.** | **DIVISION:  2** |

MARVIN C. GILL,
SPN: 00023295, Defendant.    /

## ORDER GRANTING THE "MOTION TO CORRECT DEFENDANT'S ILLEGAL SENTENCE;" DIRECTIONS TO CLERK

**THIS CAUSE** came before the Court on the Defendant's *pro se* "Motion to Correct Defendant's Illegal Sentence," filed September 12, 2016, pursuant to Florida Rule of Criminal Procedure 3.800(a).   Having reviewed the motion, the record, the State's response, and applicable law, the Court finds as follows:

### PROCEDURAL HISTORY

The Defendant was charged by indictment with eight counts of capital sexual battery.  On June 10, 1989, after a jury trial, he was convicted of one count of sexual battery (Count One), two counts of lewd and lascivious (Counts Two and Five), and one count of attempted sexual battery (Count Seven).[1]  On that same date, he was sentenced to life imprisonment as to Count One, with the possibility of parole after 25 years.  (*Exhibit A:  June 10, 1989 Judgment and Sentence*).  On July 13, 1989, he was sentenced to on the remaining counts, as follows: 15 years' imprisonment on Counts Two and Five and 30 years' imprisonment as to Count Seven.  (*Exhibit B:  July 13, 1989 Judgment and Sentence*).  The Defendant timely filed an appeal.  The Second District Court of Appeal affirmed the Defendant's sentence and conviction.

Thereafter, the Defendant filed a motion for postconviction relief, which was ultimately denied by this Court.   The Defendant appealed this Court's denial of his motion for postconviction relief, and on February 16, 1994, the Second District Court of Appeal affirmed in part, and reversed and remanded in part, with instructions for this Court to conduct an evidentiary hearing, concerning the Defendant's claim that his trial counsel was ineffective for

---

[1] The record reflects that the Court granted a Judgment of Acquittal on two counts, Counts Three and Six. The record reflects further that Counts Four and Eight were dismissed.

Case 8:19-cv-01507-SDM-MRM Document 11 Filed 07/15/19 Page 23 of 102 PageID 627
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 26 of 105

*State v. Gill*; 87-01377
2 of 4

advising him not to testify. *Gill v. State*, 632 So. 2d 660, 660 (Fla. 2d DCA Feb. 16, 1994), *disapproved of by Oisorio v. State*, 676 So. 2d 1363 (Fla. July 18, 1996). Following an evidentiary hearing on this matter, the Court determined that the Defendant's trial counsel was ineffective for preventing him from testifying in his own behalf, and the Defendant was granted a new trial. After his second trial, the Defendant was convicted of the sexual battery charge (Count One) and the lewd and lascivious charges (Counts Two and Five), but he was acquitted on the attempted sexual battery (Count Seven). On July 20, 1995, the Defendant was again sentenced to life imprisonment with the possibility of parole after 25 years on the sexual battery charge (Count One), and to 15 years' imprisonment on each lewd and lascivious charge (Counts Two and Five). (*Exhibit C: July 20, 1995 Judgment and Sentence*).

Thereafter, the Defendant filed another motion for postconviction relief, and the Court denied relief on all of the Defendant's claims but two, Grounds Three and Fourteen. With respect to Grounds Three and Fourteen, the Court issued an order, incorporated herein by reference, directing the State to show cause why the Defendant should not be granted an evidentiary hearing concerning those claims for relief. Following an evidentiary hearing, Ground Fourteen of the Defendant's motion was denied and Ground Three was granted, which resulted in the Defendant's convictions as to Counts Two and Five of the indictment being vacated.[2] (*Exhibit D: Court's January 8, 2002 Order*). It does not appear that an amended Judgment and Sentence was issued after this Court's January 8, 2002 order.

## ANALYSIS

In the instant motion, the Defendant claims that the Court failed to award him prison credit for the time he previously spent incarcerated prior to his July 20, 1995 resentencing. In support of this claim, he points this Court's attention to the July 20, 1995 Judgment and Sentence and claims that the Court failed to "check the box on the sentencing document to award that prison time." (*See Exhibit C: July 20, 1995 Judgment and Sentence*).

The Court notes that "[u]pon resentencing, defendants...who have been resentenced through no fault of their own are entitled upon resentencing to credit for all actual time served and gain time earned during their initial prison term." *Davidson v. State*, 780 So. 2d 984, 985

---

[2] In vacating Counts Two and Five, the Court found that because the victims in the case were under the age of twelve at the time of the offense, the Defendant could not convicted under §800.04(2), Fla. Stat. (1987). *See Jozens v. State*, 649 So. 2d 322 (Fla. 1st DCA 1995).

Case 8:19-cv-01570-SDM-MRM Document 71 Filed 07/15/19 Page 24 of 102 PageID 248
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 27 of 105

*State v. Gill;* 87-01377
3 of 4

(Fla. 1st DCA 2001). The Defendant contends that because of this error, he "is long past his 25 years of mandatory incarceration and is eligible for a parole date." (emphasis in original).

Based on the foregoing, the State was directed to respond. Thereafter, it came to the Court's attention that the order directing the State to respond, issued on December 9, 2016, and filed on December 12, 2016, contained a scrivener's error in the directions to the State in that it failed to indicate the amount of time the State had to respond to the Defendant's claims. Additionally, the order failed to notify the Defendant that the order was not yet a final order. To correct these errors, on January 11, 2017, the Court issued an order, rescinding and amending its order issued on December 9, 2016, and filed on December 12, 2016. On January 4, 2017, the State timely filed its response.

In its timely filed response, the State agrees that the Defendant is entitled to prison credit "from his initial sentencing to his resentencing on July 20, 1995." The Court agrees and the Defendant's claim for prison credit is therefore granted. Accordingly, the Defendant's Judgment and Sentence shall be amended to include credit for time previously served in prison. However, the Court notes that the Department of Corrections, not the Court, maintains responsibility for calculating prior prison credit. *See Hampton v. State*, 421 So. 2d 775, 775 (5th DCA 1982); *See also Hardenbrook v. State*, 953 So. 2d 717, 719 (1st DCA 2007).

Finally, the Court notes that not only does the July 20, 1995 Judgment and Sentence need to be updated to include credit for the time the Defendant previously served in prison, but given the fact a new Judgment and Sentence was never issued after this Court vacated the Defendant's convictions as to Counts Two and Five of the indictment; the Court finds that issuing an entirely new Judgment and Sentence is prudent. This is to ensure that the Judgment and Sentence accurately reflects the current terms of the Defendant's sentence. Nevertheless, the Court would note that amending the Defendant's judgment and sentence to include credit for time previously served in prison and striking the portions of his sentence that were previously vacated, are ministerial acts that do not require the Defendant's presence. *See Acosta v. State,* 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010). (holding that a defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion except when it concerns issues that are purely ministerial in nature); *see also Mullins v. State,* 997 So.2d 443, 445 (Fla. 3d DCA 2008) ("A defendant will receive a new sentencing hearing if the resentencing

Case 8:19-cv-01507-SDM-MRM  Document 71  Filed 07/15/19  Page 25 of 102 PageID 129
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 28 of 105

State v. Gill, 87-01377
4 of 4

84

involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence.").

Accordingly, it is:

**ORDERED AND ADJUDGED** that the Defendant's "Motion to Correct Defendant's Illegal Sentence," is hereby **GRANTED**.

**THE CLERK OF THE CIRCUIT COURT IS HEREBY DIRECTED TO AMEND** the Judgment and Sentence in **Case No.: CRC87-01377CFAES**, entered on July 20, 1995 in OFF REC BK: 005N PG: 1739-1749, as follows:

1. Amend the Judgment and Sentence to reflect the award of prison credit for all time previously served in the Department of Corrections prior to resentencing, and;

2. In accordance with this Court's January 8, 2002 Order vacating Counts Two and Five of the Defendant's sentence (*See Exhibit D*), the Clerk is directed to strike Counts Two and Five from the Judgment and Sentence, including any special provisions associated with Counts Two and Five.

**The Clerk shall then forward a certified copy of the newly amended Judgment and Sentence to the Department of Corrections, attention: Sentence Structure, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.**

**THE DEFENDANT IS NOTIFIED** that he has 30 days from the date of this order to file an appeal, should he choose to do so.

**DONE AND ORDERED** in Chambers at Dade City, Pasco County, Florida, this 3rd day of March, 2017. A true and correct copy of this order has been furnished to the parties listed below.

Susan Barthle, Circuit Judge

cc:    State Attorney; Staff Attorney
       Marvin Gill, DC#: 827207
       Okeechobee Correctional Institution
       3420 N.E. 168th St.
       Okeechobee, FL 34972

Case 8:19-cv-01507-SDM-MRM  Document 71  Filed 07/15/19  Page 26 of 102 PageID 130
Case 8:19-cv-01507-SDM-AAS  Document 71  Filed 06/24/19  Page 26 of 34  PageID 726
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 29 of 105
Page 116

# Court Verification Form

**CASE NUMBER:**  8701377CFAES

**DEFENDANT NAME:**  Gill, Marvin

           Last                First           Middle

Type of Order:

    Modify Sentence ☐    Change Sentence ☐

    Reduce Sentence ☐    Release ☐

    Other ☒    Please Explain: <u>Credit for all time previously served in DOC prior to resentencing and to remove Counts 2 & 5 from the Judgment and Sentence</u>

☑ <u>VERIFIED AS LEGITIMATE</u>    ☐ <u>NOT LEGITIMATE *</u>

*FILED FOR RECORD PASCO COUNTY, FLORIDA*
*2017 APR 25  PM 4:37*
*Paula S. O'Neil*
*Clerk & Comptroller*
*Pasco County, Florida*

Date: 4/25/17

Signature: _____

Judge/Designee Name: Susan G. Barthle

**Please print name**

## FOR CLERK'S USE

Transmitted to Local Detention Facility ☐    Transmitted to Department of Corrections ☑

Date: 4/25/17    Deputy Clerk

***Upon receipt of a "not legitimate" court verification order form, the Clerk of Court is directed to immediately notify the Chief Judge. Copy provided to DOC/Local Detention Facility.**

Case 8:19-cv-01507-SDM-MRM Document 11 Filed 07/24/19 Page 27 of 102 PageID 2131
Case 8:19-cv-01507-SDM-AAS Document 1 Filed 06/24/19 Page 27 of 102 PageID 27
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 30 of 105

Exhibit 12
Page 117

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

| STATE OF FLORIDA | DIVISION | 04 |
| VS | CASE NO: | 8701377CFAES |

**Marvin Gill**

\_\_ Comm Ctrl Violator  \_\_ Retrial

## ~AMENDED JUDGMENT

\_\_ Probation Violator  \_\_ Resentence

The Defendant, Marvin Gill, being personally before this court represented by, Steven Herman/William Dayton the attorney of record, and the State represented by, Phil Van Allen, and having:

- **X** been tried and found guilty by jury/by court of the following crimes(s)
- _____ entered a plea of guilty to the following crime(s)
- _____ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Statute and Degree | |
|-------|-------|--------------------|--|
| 1 | Sexual Battery | 794.011(2) | Capital |
| | | | |
| | | | |
| | | | |
| | | | |

**X** and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby **ADJUDICATED GUILTY** of the above crime(s)

_____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

_____ The Court hereby stays and withholds the imposition of sentence as to count_____ and places the defendant on _____ under the supervision of the Department of Corrections (Conditions of probation and/or community control set forth in a separate order)

_____ Being a qualified offender pursuant to s. 943.325, the defendant shall be required to submit to DNA samples as required by law.

_____ The Court defers imposition of sentence until _____

_____ The Court finds that the defendant violated all the conditions alleged in the affidavit, a copy of which is attached.

The defendant in open court was advised of his right to appeal from this judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

Done and Ordered this 25th day of April, 2017 in New Port Richey, Pasco County, Florida *Dade City*

Nunc Pro Tunc: July 20, 1995

_____
Circuit Judge, Susan G. Barthle

*Amended to remove counts 2 & 5 per order dated April 3, 2017

R00122016

Case 8:19-cv-01507-SDM-AAS Document 71 Filed 07/15/19 Page 28 of 102 PageID 132
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 31 of 105

Page 118

STATE OF FLORIDA            CASE NO:  8701377CFAES
VS
DEFENDANT:  Marvin Gill

ORDER FOR
## Amended Special Provisions / Other Provisions:

| | | |
|---|---|---|
| Retention of Jurisdiction | ____ | This court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983). |
| Jail Credit | x | It is further ordered that the defendant shall be allowed a total of 720 days as credit for time incarcerated before imposition of this sentence. |
| Prison Credit | x | It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing. |
| Consecutive / Concurrent As to Other Counts | ____ | It is further ordered the sentence imposed for _____ shall run _____ with the sentence set forth in _____ |
| Consecutive / Concurrent As To Other Convictions | ____ | It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) |

____ consecutive to ____ concurrent with the following (check one)
____ any active sentence being served
____ specific sentences: _____

No Contact ____ It is further ordered that the defendant is prohibited from having contact with the Victim, directly or indirectly, including through a third person, for the duration of the sentence.

In the event the above sentence is to the Department of Corrections, the Sheriff of Pasco County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within __ days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigence.

In imposing the above sentence, the court further recommends

| | | |
|---|---|---|
| | | |
| | | |
| | | |

DONE AND ORDERED in open court at Pasco County, Florida this _____ day of April, 2017.

Nunc Pro Tunc: July 20, 1995

_____
Circuit Judge, Susan G. Barthle

**\*Amended to reflect the award of prison credit for all time previously served in the Department of Corrections prior to resentencing and to strike counts 2 & 5 per order dated April 3, 2017\***

R10132015

Case 8:19-cv-01507-SDM-MRM Document 71 Filed 07/15/19 Page 29 of 102 PageID 133
Case 8:19-cv-01507-SDM-AAS Document 11 Filed 06/24/19 Page 29 of 34 PageID 293
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 32 of 105
Page 119

STATE OF FLORIDA                    CASE NO 8701377CFAES

                    VS

Marvin Gill


### CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a copy of the foregoing has been furnished to:


( X ) Personal Service to State Attorney for Sixth Judicial Circuit, Pasco County, Florida


(    ) Personal Service          (    ) U.S. Mail

    To:  Attorney of Record
    Address:


(    ) Personal Service          (    ) U.S. Mail

    To: __ Defendant
    Address:


DATED this 25th day of April, 2017.


By: _____
    Deputy Clerk

    Office of Paula S. O'Neil
    Clerk & Comptroller
    Pasco County, Florida



CERTIFICATE OF SERVICE MERGE           1                    R06/17/10

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARVIN C. GILL,                    )
                                   )
            Appellant,             )
                                   )
v.                                 )          Case No. 2D17-1728
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed March 21, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court
for Pasco County; Susan G. Barthle,
Judge.

Marvin C. Gill, pro se.

PER CURIAM.

            Affirmed.  See Gill v. State, 206 So. 3d 43 (Fla. 2d DCA 2015) (table

decision); Campbell v. State, 884 So. 2d 190 (Fla. 2d DCA 2004); State v. Johnson, 651

So. 2d 145 (Fla. 2d DCA 1995); Gary v. State, 5 So. 3d 713 (Fla. 1st DCA 2009); Jones

v. State, 907 So. 2d 1256 (Fla. 5th DCA 2005).


LaROSE, C.J., and CASANUEVA and CRENSHAW, JJ., Concur.

*Exhibit "E"*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARVIN C. GILL,

    Petitioner,

v.                           8:04-CV-140-T-23MAP

P.J. MECUSKER, Warden,

    Respondent.

_____/

## AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA
COUNTY OF PASCO

Having taken an oath, I, Steven Herman, make the following statements of which I have

personal knowledge and I am competent to testify to in a court of law, if called upon to do so:

I am a Florida criminal trial attorney, Florida Bar Number 264679. On or about July 12,

1995, I was retained by the family of Marvin Gill to assist him and/or his court-appointed

attorney, William Dayton, in the jury trial of his case that was to begin on July 17, 1995.

State of Florida v. Marvin Gill, Case No. 87-1377CFAES, in the Sixth Judicial Circuit, Pasco

County, Florida.

Before the July 15, 1995, weekend, Mr. Dayton and I met with Marvin Gill at the Pasco

County Detention Center in Land O' Lakes, Florida, in preparation for the trial. There, I

learned that Mr. Dayton and Mr. Gill had previously discussed the use of a ten(10) point

31

defense plan.  I saw this plan, which included what witnesses that were to be interviewed by

Mr. Dayton and called as witnesses, along with experts to be obtained for the trial.  Mr.

Dayton's responsibilities included reviewing Mr. Gill's prior trial transcripts and the

successful post-conviction relief Motion to familiarize himself with the case.  To my know-

ledge, the plan appeared to be an appropriate one.

During the visit, Mr. Dayton indicated he was not going to utilize this plan of defense.  He

represented he intended to put on no witnesses.  When Mr. Gill inquired about this, Mr.

Dayton suggested he had no alternate plan.  He would just wait and see what the State

presented.  Mr. Dayton advised he had not interviewed or deposed any of the parties's

witnesses.  He indicated there were no experts to testify at the trial.  I gleaned that he had

poorly prepared himself and had limited knowledge about the apparent issues of the case.  This

was notwithstanding his appointment to the case sixteen(16) months earlier.  As a result, Mr.

Dayton and Mr. Gill argued and the visit ended between them.

On July 17, 1995, the trial began.  Mr. Dayton went forward with his voir dire.  His

conduction of it was an actual embarrassment to Mr. Gill and myself.  Most of the State's

objections to his procedure were sustained by the Court.  His illpreparedness was apparent

throughout the trial, as reflected by Mr. Gill's Petition and the allegations which follow.

As a result of all this, Mr. Gill asked the  Court to allow him to represent himself at

the trial.  The Court considered this request from the Defendant.  See those portions of the

trial transcript (R-3234-3257).  Clearly, Mr. Gill did not want to be in the position of co-

counsel to Mr. Dayton, but the Court gave him no practical alternative.  Mr. Gill wished to

represent himself, with Mr. Dayton and myself as cocounsel.  As stated at the trial, the Court

ignored the fact that Mr. Gill was well-schooled in his case and would have been the best

(12)

person to take the lead in defending the case. He could have been assisted in the technical aspects by the attorneys.

In the trial, the Court erred in many aspects, such as allowing testimony about collateral crimes by the victims. See R-3283-3306. The Judge could have remedied this by allowing a proffer of their testimony. Mr. Dayton declined to address this with the Court. As lead counsel, he should have made appropriate objections to this. Mr. Gill was severely prejudiced by having to redefend himself against these additional accusations, of which he had previously been acquitted. Mr. Gill had forewarned Mr. Dayton of the State's possible use of this testimony prior to trial. Notwithstanding my own oral motion, Mr. Dayton failed to make contemporaneous objections to this.

Mr. Dayton was inadequate in challenging the testimony of Detective B. Jerkins. He failed to use the numerous police reports that were available, as a result her testimony was wrongfully relied upon by the Court to establish the time of the offense.

All of this reiterates my statements made before the Trial Court about the ineffectiveness of Mr. Dayton. See R-3476 - 3489. It appeared that counsel elected to not put forth a defense because he had not prepared for the trial. He did not prepare himself for the medical issues presented and failed to preserve the related issue of an appropriate jury instruction in this regard. Counsel failed to prepare any predicate (purported to be necessary by the State) for the introduction of testimony about the lack of tangible evidence by witness Horvath. See R-3533-3538. Then he abandoned his efforts to call the witness. Trail Counsel failed to perceive the purpose in recalling the victim. See R-3628-3631. He again allowed the Court and State to dissuade him from properly pursuing this and impeaching this witness with her prior inconsistent statements.

13

Case 8:19-cv-01507-SDM-MRM Document 71 Filed 07/15/19 Page 34 of 102 PageID 138
Case 8:19-cv-01507-SDM-AAS Document 1 Filed 06/24/19 Page 34 of 34 PageID 34
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 37 of 105

_____

Steven Herman

Sworn to and subscribed before me this 27th day of July, 2004, by Steven Herman, who is

is personally known to me and who did take an oath.

_____

Notary Public
State of Florida

My commission expires:

Personally Known

CHARLES LEONARD HARRIS
MY COMMISSION # DD 005192
EXPIRES: May 27, 2005
FL Notary Service & Bonding, Inc.



Marvin C. Gill-827289 03-116
Okeechobee Correctional Institution
3420 N.E. 168th Street
Okeechobee, Florida 34972

OKEECHOBEE
CORRECTIONAL
INSTITUTION
34972

Hasler
06/18/2019
US POSTAGE $008.00

ZIP 34972
011E11681620

Legal Mail

PRIORITY
★ MAIL ★
TRACKED
★★★
INSURED
★★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use    Label 107R, May 2014

Clerk of The Federal District Court
Middle District of Florida
Sam M. Gibbons U.S. Court house
801 N. Florida Ave.
Tampa, Florida 38602-3800

MAILED FROM
OKEECHOBEE CORRECTIONAL
INSTITUTION

PRIORITY MAIL
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 38 of 105

Case 8:19-cv-01507-SDM-MRM-S Document 7-1 Filed 07/15/19 Page 36 of 102 PageID 140
Case 8:19-cv-01507-SDM-MRM Document 2 Filed 06/21/19 Page 36 of 102 PageID 36
USCA11 Case: 22-12709 Document: 2 Date Filed: 08/22/2022 Page: 39 of 105

PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
ON 6-18-19 FOR MAILING
BY MCG

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## *middle District*

Marvin C. Gill )
*Plaintiff/Petitioner* )
v. )  Civil Action No. 8:19 cv 1507 36 MMS
Warden, Lars Severson )
*Defendant/Respondent* )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: *Okeechobee Correctional Institution.*
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are: *N/A*

My gross pay or wages are: $ 0 , and my take-home pay or wages are: $ 0 per

*(specify pay period)* 0 .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☐ Yes | ☒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

*. N/A.*

36

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ ____0____ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (describe the property and its approximate value): I have a small Lot at 6811 20th street, Zephyrhills, Fla. which has a Tax Lien on it for approx $5,000.00 for back Taxes and road paying assessment.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (describe and provide the amount of the monthly expense): (NONE)

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support: (NONE)

8. Any debts or financial obligations (describe the amounts owed and to whom they are payable): (NONE)

Declaration: I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: June 17, 2019

_____
Applicant's signature

Marvin C. Gill
_____
Printed name

37

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental | *Business* |
|---|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☒ Other | *Office* |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | MARVIN C FII | 827207 | G2102 L | HM | 3-6-19 |

## REQUEST

Check here if this is an informal grievance ☐

Dear Business Office:

I need a six months copy of my inmate Bank Account attach to the form included (please return the form).

Thank you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): *Marvin Fee*    DC#: 827207

---

## DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: _____

① Notary ② institution

6 month statement requests can now be processed at the institution by classification to avoid the mailing delay.

See attached

19 MAR 20 PM 2: 52

[The following pert ....mal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | Official (Signature): | Date: 3/21/19 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

38

Page: 42 of 105

Date Filed: 08/22/2022

Document: 2

USCA11 Case: 22-12743

```
IBSR140 (74)                    FLORIDA DEPARTMENT OF CORRECTIONS              06/03/19
                                  TRUST FUND ACCOUNT STATEMENT                 09:05:46
                                FACILITY: 404 - OKEECHOBEE C.I.                PAGE 1555
                                  FOR: 05/01/2019 - 05/31/2019

ACCT NAME: GILL, MARVIN                ACCT#: 827207
      BED: G3116L                      TYPE: INMATE TRUST
      PO BOX:


                                                      BEGINNING BALANCE 05/01/19        $0.00

        POSTED                   REFERENCE
        DATE    NBR    TYPE       NUMBER     FAC   REMITTER/PAYEE      +/-    AMOUNT     BALANCE
        -------- ---  ---------- ----------- ---   -------------       ---   ---------- ----------
        05/07/19 181 LEGAL COPIES WD 40420190538  000                  -       $0.00      $0.00
                     LIEN CREATED  - 05/07/2019  40420190538
        05/07/19 231 LEGAL POSTAGE W 2019042501   000                  -       $0.00      $0.00
                     LIEN CREATED  - 05/07/2019  2019042501
        05/08/19 271 MEDICAL CO-PAY 0506190830DS  000                  -       $0.00      $0.00
                     LIEN CREATED  - 05/08/2019  0506190830DS
        05/24/19 197 LEGAL POSTAGE W 2019052001   000                  -       $0.00      $0.00
                     LIEN CREATED  - 05/24/2019  2019052001


                                                      ENDING BALANCE 05/31/19           $0.00

LIEN                            LIEN      AMOUNT      AMOUNT
DATE       TYPE OF LIEN         FACL     OF LIEN    STILL OWED
--------   ------------------   ----    ---------   ----------
SUMMARY    FEDERAL PRISON LITIGATION             $505.00      $505.00
SUMMARY    LEGAL POSTAGE                         $421.35      $421.35
SUMMARY    POSTAGE                                $32.36       $32.36
SUMMARY    LEGAL COPIES                           $24.75       $24.75
SUMMARY    MEDICAL CO-PAYMENT                    $189.00      $189.00
SUMMARY    STATE PRISON LITIGATION              $637.00      $612.00
05/07/19   LEGAL POSTAGE         000              $2.65        $2.65
05/07/19   LEGAL COPIES          000             $12.00       $12.00
05/08/19   MEDICAL CO-PAYMENT    000              $5.00        $5.00
05/24/19   LEGAL POSTAGE         000              $0.50        $0.50
```

Case 8:19-cv-01507-SDM-MRM Document 71-1 Filed 07/15/19 Page 40 of 102 PageID 444
Case 8:19-cv-01507-SDM-AAS Document 2-1 Filed 06/21/19 Page 3 of 4 PageID 40
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 43 of 105

```
IBSR176 (90)              FLORIDA DEPARTMENT OF CORRECTIONS          03/21/19
                         INITIAL PAYMENT FOR FILE FEE               07:03:45
                             FOR: 03/21/2019                        PAGE   1

DC  # : 827207    INMT NAME : GILL, MARVIN         CURR BAL : $       0.00
HOLDS : $    0.00 LIENS : $  1,779.31              SPENDABLE : $      0.00


 DATE RANGE           MONTHLY AVERAGE DEPOSITS    MONTHLY AVERAGE BALANCES
09/22 - 10/21              $       0.00                $       0.00
10/22 - 11/20              $       0.00                $       0.00
11/21 - 12/20              $       0.00                $       0.00
12/21 - 01/19              $       0.00                $       0.00
01/20 - 02/18              $       0.00                $       0.00
02/19 - 03/20              $       0.00                $       0.00


AVERAGE OVER 6 MONTHS     DEPOSITS : $     0.00
                          BALANCES : $     0.00


CALCULATED INITIAL PAYMENT : $      0.00
```

```
IBSR140  (74)                    FLORIDA DEPARTMENT OF CORRECTIONS                    03/21/19
                                    TRUST FUND ACCOUNT STATEMENT                      07:03:27
                                    FOR: 09/21/2018 - 03/21/2019                        PAGE    1

ACCT NAME: GILL, MARVIN                        : 827207
     BED: G2102L                    TYPE: INMATE TRUST
     PO BOX:
```

                                                              BEGINNING BALANCE 09/21/18        $0.00

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 01/09/19 | 233 | LEGAL POSTAGE W | 2018122701 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 01/09/2019 | 2018122701 | | | | |
| 03/08/19 | 243 | LEGAL POSTAGE W | 2019030701 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 03/08/2019 | 2019030701 | | | | |
| 03/08/19 | 243 | LEGAL POSTAGE W | 2019030702 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 03/08/2019 | 2019030702 | | | | |
| 03/15/19 | 335 | LEGAL POSTAGE W | 2019031201 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 03/15/2019 | 2019031201 | | | | |
| 03/15/19 | 335 | LEGAL POSTAGE W | 2019031501 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 03/15/2019 | 2019031501 | | | | |

                                                              ENDING BALANCE 03/21/19          $0.00

| LIEN DATE | TYPE OF LIEN | LIEN FACL | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| SUMMARY | STATE PRISON LITIGATION | | $637.00 | $612.00 |
| SUMMARY | LEGAL POSTAGE | | $411.83 | $411.83 |
| SUMMARY | POSTAGE | | $32.36 | $32.36 |
| SUMMARY | LEGAL COPIES | | $24.15 | $24.15 |
| SUMMARY | MEDICAL CO-PAYMENT | | $189.00 | $189.00 |
| SUMMARY | FEDERAL PRISON LITIGATION | | $505.00 | $505.00 |
| 01/09/19 | LEGAL POSTAGE | 000 | $0.47 | $0.47 |
| 03/08/19 | LEGAL POSTAGE | 000 | $1.75 | $1.75 |
| 03/08/19 | LEGAL POSTAGE | 000 | $1.75 | $1.75 |
| 03/15/19 | LEGAL POSTAGE | 000 | $0.50 | $0.50 |
| 03/15/19 | LEGAL POSTAGE | 000 | $0.50 | $0.50 |

Marvin C. Gill-827287 03-116
Okeechobee Correctional Institution
3420 N.E. 168ᵗʰ Street
Okeechobee, Florida 34972

OKEECHOBEE
CORRECTIONAL
INSTITUTION
34972

Hasler
06/18/2019
US POSTAGE $008.00⁰

ZIP 34972
011E11681620

Legal Mail

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE ®

For Domestic and International Use    Label 107R, May 2014

Clerk of The Federal District Court
Middle District of Florida
Sam M. Gibbons U.S. Court house
801 N. Florida Ave.
Tampa, Florida 38602-3800

MAILED FROM
OKEECHOBEE CORRECTIONAL
INSTITUTION

Case 8:19-cv-01507-SPF-MRM Document 7-1 Filed 07/15/19 Page 43 of 102 PageID 147
Case 8:19-cv-01507-SDM-AAS Document 3 Filed 06/25/19 Page 43 of 91 PageID 43
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 46 of 105

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARVIN C. GILL,

      Petitioner,

v.                                  Case No: 8:19-cv-1507-T-36AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.

_____

## RELATED CASE ORDER
## AND TRACK ONE NOTICE

It is hereby **ORDERED** that, no later than fourteen days from the date of this Order, counsel and any pro se party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b). The parties shall utilize the attached form NOTICE OF PENDENCY OF OTHER ACTIONS. It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track One** case. All parties must comply with the requirements established in Local Rule 3.05 for Track One cases.

June 25, 2019

Charlene Edwards Honeywell
United States District Judge

Attachment:  Notice of Pendency of Other Actions [mandatory form]

Case 8:19-cv-01507-SDM-MRM   Document 7-1   Filed 07/15/19   Page 44 of 102 PageID 148
Case 8:19-cv-01507-SDM-AAS   Document 3   Filed 06/25/19   Page 2 of 3 PageID 44
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 47 of 105

Copies to:    All Counsel of Record
              All *Pro Se* Parties

Case 8:19-cv-01507-SDM-AAS Document 2 Filed 07/15/19 Page 45 of 102 PageID 149
Case 8:19-cv-01507-SDM-AAS Document 6 Filed 06/26/19 Page 5 of 10 PageID 45
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 48 of 105

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARVIN C. GILL,

      Petitioner,

v.                              Case No: 8:19-cv-1507-T-36AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.

---

## NOTICE OF PENDENCY OF OTHER ACTIONS

      In accordance with Local Rule 1.04(d), I certify that the instant action:

_____    IS          related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

_____    IS NOT    related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

      I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than fourteen days after appearance of the party.

Dated:

_____
Counsel of Record or *Pro Se* Party
   [Address and Telephone]

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARVIN C. GILL,

       Petitioner,

v.                                                          Case No. 8:19-cv-1507-T-36AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

**O R D E R**

Pursuant to Local Rule 1.04(a) (M.D. Fla.), this action is **TRANSFERRED** to the Honorable

Steven D. Merryday with his consent and for all further proceedings.  *See Gill v. Secretary,*

*Department of Corrections*, Case No. 8:04-cv-140-T-23MAP (M.D.Fla.).

       **DONE AND ORDERED** in Tampa, Florida, on June 25, 2019.

                              Charlene Edwards Honeywell
                              Charlene Edwards Honeywell
                              United States District Judge

Copy to: *Pro se* Petitioner

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 47 of 102 PageID 151
Case 8:19-cv-1507 MRM For Docket Entry Filed 06/25/2019 Page 21 of 1
USCA11 Case: 22-12743     Document: 2     Date Filed: 08/22/2022     Page: 50 of 105

```
MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants: Judge Charlene Edwards Honeywell
(chambers_flmd_honeywell@flmd.uscourts.gov), Judge Steven D. Merryday
(chambers_flmd_merryday@flmd.uscourts.gov), Magistrate Judge Amanda Arnold Sansone
(chambers_flmd_sansone@flmd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:18545697@flmd.uscourts.gov
Subject:Activity in Case 8:19-cv-01507-SDM-AAS Gill v. Secretary, Department of
Corrections et al (Pasco County) Case Assigned/Reassigned
Content−Type: text/html
```

### U.S. District Court

### Middle District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 6/25/2019 at 3:18 PM EDT and filed on 6/25/2019

| | |
|---|---|
| **Case Name:** | Gill v. Secretary, Department of Corrections et al (Pasco County) |
| **Case Number:** | 8:19−cv−01507−SDM−AAS |
| **Filer:** | |
| **Document Number:** | 5(No document attached) |

**Docket Text:**
 Case Reassigned to Judge Steven D. Merryday. New case number: 8:19−cv−1507−T−23AAS. Judge Charlene Edwards Honeywell no longer assigned to the case. (AG)

**8:19−cv−01507−SDM−AAS Notice has been electronically mailed to:**

**8:19−cv−01507−SDM−AAS Notice has been delivered by other means to:**

Marvin C. Gill
#827207
Okeechobee Correctional Institution
G3−116L
3420 N.E. 168th Street
Okeechobee, FL 34972

Case 8:19-cv-01507-SDM-WRM-AS Document 7-1 Filed 07/15/19 Page 48 of 102 PageID 152
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 Page: 51 of 105
Case 8:19-cv-01507-CEH-AAS Document 3 Filed 06/25/2019 Page 3 of 3 PageID 45

PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
ON 7-5-19 FOR MAILING
BY DG

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2019 JUL -8 AM 11:49

CLERK US DISTRICT CO
MIDDLE DISTRICT OF FL
TAMPA FLORIDA

MARVIN C. GILL,

Petitioner,

v.

Case No: 8:19-cv-1507-T-36AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(d), I certify that the instant action:

X IS related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below: *I contend that The instant Petition is related to a pending state Court(3.800(a) motion which is exhibited to This returned Local rule form. However, I am not conceding that the instant Petition is a second or successive Petition. I maintain that the instant Petition Challenges an entirely New(2017) Judgment and Sentencing as exhibited to and explained in the Petition.*

IS NOT related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than fourteen days after appearance of the party.

Dated: July 2, 2019.

*Marvin C. Gill* #827207
Counsel of Record or *Pro Se* Party
[Address and Telephone]
Okeechobee Correctional Institution
3420 N.E. 168ᴬ Street
Okeechobee, Florida 34972
Phi: N.A.
(3.800(a) motion attached)

48

In The Circuit Court of The Sixth Judicial Circuit
In and For Pasco County, Florida.

State of Florida,
Plaintiff,

PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
ON 6/27/19 FOR MAILING
BY

Vs.

Case No.: 87-1377 CFAES
Previous No.: CRC 87-01377 CFAES

Marvin C Gill,
Defendant.

## Notice of Inquiry

Clerk of The Circuit Court:

Marvin C Gill ("Gill") makes an inquiry to this Court as to The disposition of his Second Motion to Correct an illegal Sentence filed to This Court on March 7, 2019 and will state further:

1. Gill filed a Second Motion to Correct his illegal Sentence from his Okeechobee Correctional Institution on March 7, 2019. See The Institional date stamped copy attached (front page only).

2. On March 26, 2019 Gill filed an Amended Copy of the above motion to this Court. See an attached Copy of that filed Amended Second Motion.

3. On approximately June 18, 2019, Gill had an outside person check The Pasco County Court's Docket Concerning The disposition of his Newly filed Motions.

1

49

.That person has reported that the Court's Docket under; _State of Florida V. Marvin C Gill_, Case No.: _87-1377 CFAES_ shows that the Case is "Closed" and that _No_ filings for either _March 7, 2019_ or _March 26, 2019_ has been filed. Thus, the possible reason that _No_ disposition has been received from this Court as of this date.

Therefore, Gill is requesting this Court make an inquiry as to his _march 7, 2019_ filing and that motions amendment filed march 26, 2019. Gill also request that "if" a disposition has been made, The date of that disposition or the expected date of disposition.

Should this Court Not have received the march 7, 2019 motion or its Amendment of March 26, 2019, Then, Gill request this Court to except the enclosed march 7, 2019 Institutional date stamped front page along with a complete copy of the March 26, 2019 Amended Second Motion to Correct his Illegal Sentence and render a Ruling on that Motion.

Respectfully requested,

_Marvin Gill_ 827267  6-26-19
Marvin C. Gill - Defendant Pro-se
Copies of Exhibits "motions" were sent to this party as both were previously sent to States Attorney's Office.

2

50

## Certificate of Service.

I hereby Certify That a True and Correct Copy of This Document has been furnished to The Office of The States Attorney at 38653 Live Oak Ave., Dade City, Fla 33523 by placing This Document in The hands of Prison Officials at Okeechobee Correctional Institution, 3420 N.E. 168th St. Okeechobee, Florida 34972 to be mailed by 1st Class Mail on This 27th date of June 2019.

Marvin Gill

Marvin C Gill, 827207

-3-

51

In The Circuit Court of the Sixth

PROVIDED TO OKEECHOBEE
CORRECTIONAL INSTITUTION
FOR MAILING
ON 3-2-18
BY

Judicial Circuit in and for Pasco
County, Florida.

State of Florida,
plaintiff,

Vs.

Case No. 87-1377CFAES
Previous 2016 No. CRC87-01377CFAES

Marvin C. Gill,
Defendant,

## Second Motion to Correct an Illegal Sentence.
### (pursuant to Florida Rules of Crim.p. 3800(a))

Comes Now the Defendant Marvin C. Gill ("Gill") pro-se
and asserts in a second motion that his sentence still re-
mains illegal and/or Unauthorized and request this
Court to correct the April 23. 2017 "amended" Resentencing
Order(s) by vacating and setting aside the July 20th, 1995
Judgment and sentencing Order(s) in their entirity; and Re-
sentence him "anew" as the Court's April 3 , 2017 Order in-
tended to do but did not, and cannot do what it Ordered in its
April 25, 2017 Order, — as will be argued and demonstrat-
ed below:

### Facts as they pertain to This motion.

On September 12, 2016 Gill filed a motion to correct his
illegal sentence to this Court claiming that the (1995) Re-
conviction Court had not given him credit for his prior
prison time served upon his being Resentenced after
his second New Trial and Reconviction on July 20, 1995.
There alleging that the illegal sentence affected not only
his total prison time but his eligibility for parole.

In The Circuit Court of the Sixth

Judicial Circuit in and for Pasco

County, Florida.

State of Florida,
  plaintiff,

Vs.

Case No. 87-1377 CFAES
Previous 2016 No. CRC 87-01377CFAES

Marvin C. Gill,
  Defendant.

Amended
Second Motion to Correct an Illegal Sentence.
(pursuant to Florida Rules of Crim. p. 3.800(a))

Comes Now the Defendant Marvin C. Gill ("Gill") pro se
and asserts in an amended Second Motion that his sentence
still remains illegal and/or unauthorized for (2) two reasons: (1)
Gill request this Court to correct the April 25. 2017 "Amended Resent-
encing Order(s) by vacating and setting aside the July 20, 1995 Judg-
ment and Sentencing Order(s) in their entirity and Resentence him
"Anew" as the Court's April 3. 2017 order originally intended to
do but did not. The April 25. 2017 order cannot be made Nunc-
pro Tunc to July 20, 1995 as will be argued and demonstrated
below. (2) Gill will allege that his sentence on Count One is illegal
because his Indictment was fatally flawed and a defendant can-
not be sentenced to a Non-existing offense as will be argued
infra in Ground Four.

Facts as they pertain to This motion.

On September 12, 2016 Gill filed a motion to correct his
illegal sentence to this Court claiming that the (1995) Re-
conviction Court had not given him credit for his prior
prison time served upon his being Resentenced after
his second New Trial and Reconviction on July 20, 1995.

There alleging that the illegal sentence affected not only his total prison time but his eligibility for parole.

After several months of litigation between the parties the States Attorney's Office conceded that "indeed" Bill had not been given credit for his prior prison time served. There, the Trial Court agreed and thus attempted to correct the error in that, the (prison time box) had not been checked by the Clerk awarding Gill prior prison time servered. See a complete description of this action at Exhibit B, the Trial Court's April 3, 2017 order.

Florida law dictates that during a resentencing, — a successor Judge, has a legal duty to review the entire Record. And upon that review, Judge Barthle discovered a critical error committed by the Sixth - Judicial Circuit Judge at Gill's January 8, 2001 Evidentiary Hearing. There, Judge Barthle discovered that even though, the Evidentiary Hearing Judge had vacated and set aside (acquitted) Gill of two counts (2 and 5) of Indictment number 87-137P CFAES; he had not afforded Gill a Resentencing Hearing nor had the Evidentiary Hearing Judge resentenced and/or recommitted Bill to the Department of Corrections from the (1995) retrial in any manner. Therefore, the erroneous convictions and sentences from the (1995) retrial still remained undistrubed on Gill's Department of Corrections Commitment documents. There, showing that Gill's Commitment was life plus (2) 15 year sentences running consecutively to each other and running consecutively to the life sentence. This erroneous sentence not only affected Gill's total commitment of life plus 30 years but added another 30 years to his beginning eligibility for parole.

Judge Barthle recognized this critical Judicial error and made the following findings in her April 3, 2017 order:

> Finally, the Court notes that not only does the July 20, 1995 Judgement

.2.

and Sentence need to be updated to
include credit for the time the De-
fendant previously served in prison,
but given the fact a new Judgment
and Sentence was **Never issued**
after this Court vacated the De-
fendant's convictions as to counts
two and five of the indictment the
Court **Finds that issuing an entirely
New Judgment and Sentencing is
prudent**. This is to ensure that the
Judgment and Sentence accurately
reflects the current terms of the
Defendant's Sentence. (Emphasis
added by underline)

Notwithstanding, the finding made in the above cited
order, "that an entirely new Judgment and Sentencing should
be issued," Judge Barthle "did not" comply with her own
order of April 3, 2017. Granted, she did issue a new Judge-
ment but that "amended Judgment" was issued (NUNC pro tunc)
to July 20, 1995. See at Ex. B. However, Gill will argue enfra
that such an Order **cannot** be issued (NUNC pro tunc).

The Trial Court attempted to correct Gill's sentence by
striking Counts Two and Five (NUNC pro tunc) to July 20, 1995,
which Gill will argue again, **cannot**, as a matter of law, be
done by a (NUNC pro tunc) order.

Next, the Record will show that although, Judge Barthel
indicated in her April 3, 2017 order that a new Sentencing
would be issued, NO new sentence was ever issued for Gill's
Sole remaining count one. Judge Barthel simply **struck**
Counts Two and Five (NUNC pro tunc) to July 20, 1995, albeit,
the actual event of **vacating** counts Two and Five occurred
on January 8, 2001. Again, Gill will argue infra that a

.3.

(NUNC pro tunc) Order CANNOT be used in this manner and is unauthorized.

Finally, the Court awarded Gill the relief initially requested by his 3.800 (a) motion; his credit for prior prison time served. This was also done by the provisions of a (NUNC pro tunc) orders which Gill will agree can he done by a (NUNC pro tunc) order because the award of the (prior prison time served) did actually occur at the July 20, 1995 sentencing hearing but the Box awarding such on the sentencing documents was NOT checked by the Court clerk while being prepared. Thus, a true Clerical or Scrivenors error which is authorized to be done by a (NUNC pro tunc) Order.

This Court's April 3, 2017 and April 25, 2017 Orders were appealed to the Second District Court of appeals which issued a per Curiam affirmed (line opinion) on March 21, 2018. There, choosing NOT to address any of the alleged Trial Court errors. Since, NO opinion was issued by the Appllate Court and Gill still maintains that his Sentence is illegal, he now challenges that illegal Sentence by way of a Amended Second Rule 3.800 (a) motion alleging the following Grounds for relief:

Gill has resently learned that his fatally Flawed Indictment can be raised on a Rule 3.800 (a) motion as the Sixth Judicial Circuit Court ruled on February 28, 2019. Thus, Gill will advance this illegal Sentence issue on his Ground Four of this motion with attachments.

- 4 -

## Ground One

Gill alleges that the Trial Court Judge was **not** **authorized**, as a matter of law, to issue an amended Judgment or change his (1995) Judgment by way of a (**nunc pro tunc**) Order back to July 20, 1995 under the circumstances of his case.

First, Gill will allege that any change of his Judgment would also demand a change in his Sentence, thus, this issue is cognizable under a Rule 3.800(a) motion.

As the Statement of Facts shows above, Judge Barthle discovered a **critical** Trial Court error made in Gill's case.

That Trial Court error or **Judicial Omission** by the Evidentiary Hearing Judge during Gill's January 8, 2002 Evidentiary Hearing was that: The Trial Court Judge failed to hold a Resentencing Hearing where he **should have** allowed the Defendant, to present any mitigating evidence or testimoney and then issued an entirely new Judgment and Sentencing Order, since Gill had been (**acquitted**) of counts **Two** and **Five** of Indictment **No: 87-1377-CF-AE-S**. Gill will assert that count **Two** of the Indictment is and was directly and legally connected to Count **one** upon which his sole sentence is presently based. Therefore **count one** should **Not** have been allowed to stand. [FN1]

---

**[FN1]:** Gill will allege that Counts one and two of his Indictment were one and the same Sexual Battery offense. Since Gill was legally **acquitted** of _sexual Battery_ in count Two when the Jury found him guilty of Lewd and lascivious (800.04 (**2**) then, he was **legally** and **factually** acquitted of that same sexual Battery as alleged in count one. A defendant could not be guilty and not guilty of the very same offense occurring at the sametime and on the same person. also count Three was the same offense as Count one. The Court **acquitted** Gill on Count Three.

-5-

The Statement of Facts will also show that Judge Barthle attempted to correct that *critical error* when she made a finding in her April 3, 2017 Order, there announcing that she would issue "*an entirely new Judgment and Sentencing Order.*" However, that entirely new Judgment and Sentencing *did not* occur. Instead Judge Barthle attempted to correct the January 8, 2002 Judicial error by amending the July 20, (1995) Judgment Order to exclude Counts Two and Five from the (1995) Judgment (*NUNC pro tunc*) back to July 20, 1995.

Gill will assert that the April 25, 2017 amended Judgment Order (*NUNC pro tunc*) back to July 20, 1995 is *illegal* and *unauthorized* (as a matter of law) and *cannot* be the bases upon which his instant sentence as to *count one* is based. Thus, the reason this issue is challenged as an *illegal* sentence pursuant to a *Rule 3.800(a) motion*.

<u>*a (NUNC pro tunc) Amended Judgment Could Not have been issued by Judge Barthle.*</u>

State and Federal case laws specifically rejects the use of a (*NUNC pro tunc*) Order, as a matter of law, as was used in Gill's "*alleged*" resentencing that occurred on April 25, 2017. When Gill received the Court's April 3, 2017 Order Granting 3.800(a) relief, he highly expected to be "permitted" and to attend an entirely new Resentencing, where a new Judgment would be issued and he would be completely resentenced. Instead, Judge Barthle declined to hold a resentencing hearing where Gill could personally attend, voice his objections and present evidence, as to why, he should or could not be resentenced as to *count one*. However, Gill only received the Documents exhibited at Ex's *B*, *C*, and *D*. Exhibit *B* was an *Amended* Judgment executed by Judge Barthle on April 25, 2017 showing an amended

-6-

Judgment as to ONE count of Capital Sexual Battery with two Notations at the bottom of the documents (1), NUNC-pro tunc July 20 1995 and (2) amended to remove counts (2) and (5) per order dated April 3, 2017.

Gill will argue that the amended Judgment could Not have been issued (NUNC pro tunc), (meaning Now for then) back to July 20, 1995 because the event that caused the (NUNC pro tunc) Order, in the first place, did not occur on July 20, 1995 but instead on January 8, 2002, when the Court vacated and set aside counts Two and Five of Gill's Convictions.

Our Florida Supreme Court has specifically addressed this situation in: Swayer v. State, 94 Fla. 60, 113 So 736 (Fla-June 29, 1927) which holds:

> But if the proposed amendment is a
> mere after thought, something Not
> really intended at the time and which
> formed No part of the Judgment or
> order as originally intended and
> pronounced it cannot after the
> expiration of the term be brought
> by way of amendment (NUNC pro tunc) or
> otherwise.

In applying this Florida Supreme Court precedent to Gill's case at hand, Gill will argue that, in No way was it Originally intended, on June 20, 1995, that counts 2 and 5 Would be vacated and set aside. Therefore, how could an event that occurred on January 8, 2002 6 years later, form the bases for a (NUNC pro tunc) amendment to a July 20, (1995) Judgment rendered on April 25, 2017, some 16 years after the January 8, 2001 event? Fact being it could Not have been intended and Thus, Judge Barthle could not, as a matter of law, have issued an amended Judgment (NUNC pro tunc) back to July-20, 1995.

-7-

More resent Courts of appeal have adopted the holding of _Swayer_ above. such as; _State V. Wood_, 700 So 2d 401 (Fla 1st DCA-1997) and _Carridine V. State_, 721 So 2d 818 (Fla 4th D.C.A.1998) were both Courts above are holding:

> The issuance of an order (NUNC pro-
> tunc) is a mechanism by which the
> Court corrects errors which are primari-
> ly Clerical in Nature, see _Occidental fire_
> _and Cas. Co. of N.C. V. Great Plains Capital_
> _Corp_, 912 F. Supp. 515, 519 (S.D Fla) 1995.).
> This instrument is **not** however available
> for the benefit of parties if there has
> been a failure to observe proper
> procedure. Id. In the present case, it
> was the Trial Judge who failed to comply
> with the requirments in **Rule 3.840** (f) to
> "sign and enter of record a Judgment of
> guilt." A Courts incorrect action or
> failure to act does not warrant the
> entry of a **NUNC pro tunc** decision **Id at 518.**

In Gill's case it was also the Evidentiary Hearing Judge's **failure** to hold a resentencing hearing after **vacating** Counts Two and **Five** and then after, giving Gill an opportunity to present mitigating evidence as to why he could not be recon-victed and resentenced, render a new Judgment and Sentence in open Court. Just as Judge Barthle advised in her April 3, 2017 Order. See at page **3** of exhibit _A_, "but given the fact a new Judgment and Sentence was **never issued** after this Court **vacated** the Defendant's convictions as to Counts Two and Five of the indictment ___." Gill asserts that this is **not** a situation where there was an action by the Court or Judge and that action was **not recorded** by the Clerk or otherwise a clerical error. This is a situation where there was **no action** taken at all or failure to act by the Court. Therefore, a Courts incorrect

−8−

action or *failure to act* does **not** warrant the entry of a (**Nunc pro tunc**) Order. The amended Judgment issued on April 25, 2017 must be considered a **nullity** because the Court did **not** have authorization or authority to issue such Judgment (**Nunc pro tunc**) to July 20, 1995.

Gill asserts that this Court should **vacate** and set aside **both** the April 25, 2017 amended Judgment and the July 20, 1995 Judgment and issue an entirely **new Judgment** as it intended to do as advised in its April 3, 2017 Order, (" The Court finds that issuing an *entirely new Judgment and Sentencing* is prudent ").

-9-

## Ground Two

Gill contends that his sentence still remains illegal in Two ways. (1) The alleged correction of his illegal sentence could **not** have been implimented by a (**nunc pro tunc**) order and (2) The April 25, 2017 order failed to resentence him as to the sole remaining count one.

Gill will contend at this point that, the **void** amended Judgment complained of in Ground one supra, would have a direct bearing as to the sentencing in this Ground Two in that; there must be a legal finding of **guilt** before there can be a sentence rendered. Thus, since both the amended Judgment and Re-Sentencing were addressed by this Court on an original 3.800(a) motion, Gill has no choice but to seek a correction of both, the unauthorized amended Judgment and "**alleged**" resentencing via This Subissue (1) above: Second Rule 3.800(a) motion.

Gill asserts that his current legal **commitment** to the Florida Department of Corrections is vested in his July 20, 1995 sentencing documents seen as **Ex. "E"** to this motion. Those **5** pages shows that Gill was sentenced and committed to the Florida Department of Corrections on count (1); life with a **25** year manditory before becoming eligible for parole, Count (2) **15** years D.O.C. and Count (3) **15** years D.O.C., the Two 15 year sentence are running consecutive to each other and consecutively to the life sentence.

Notwithstanding, this Court's findings on April 3, 2017 that it would issue an **entirely new** Judgment and Sentencing **Documents**; on April 25, 2017, the Court attempted to correct the January 8, 2001 Trial Court's (**failure to act**) by "**removing**" counts Two and **Five** from the July 20, 1995 Judgment (**nunc pro tunc**). See Ex. **B** and by "**striking**" from the Special provisions document counts Two and **Five** also (**nunc pro tunc**) to July 20, 1995. See Ex **C**.

-10-

As Exhibits **B** and **C** will demonstrate, the April 25, 2017 order did **not** resentence Gill to any new sentence. It simply left in tack the old July 20, 1995 sentence and commitment. Gill will maintain that his arguement in **Ground One** also directly applies to this **Ground Two** Section (1). The April 25, 2017 Trial Court Order is a **nullity** because the Trial Court had **no legal** authority or authorization to change, remove, strike or delete anything (nunc pro tunc.) See _Clearwater Oaks Bank v. Plumtree_, 477 So. 2d 1023 (Fla. 2nd DCA 1985) where a **nunc pro tunc** order can be _void_. Reason being; the event of **vacating** Counts **Two** and **Five** did **not** occur on July 20, 1995 but **6 years** later on January 8, 2001. It was **not intended** that Counts **Two** and **Five** was to be removed on July 20, 1995. See _Swayer_ supra. The order on April 25, 2017 made a **material change** in not only Gill's over all sentence but his eligibility for parole, which cannot be done by a (nunc pro tunc) Order. See _Degale v. Krongold, Bass and Todd_, 773 So. 2d 630 (Fla. 3rd D.C.A. 2000) also see, _Doll. v. Sec. Fla. Dept. of Corr._, 715 Fed. Appx. 887 (11th Cir, Oct. 17, 2017) "[H]owever such an Order [nunc pro tunc] may not be used to add **new material** to the substance of the earlier proceedings."

## Subsection (2) (2) above

Specifically addressing Subsection (2)(2) above, Gill will maintain that the April 25, 2017 (nunc pro tunc) Order never resentenced him on Count One. Since, the April 25, 2017 Trial Court's (nunc pro tunc) Order was not authorized it could **not** legally remove or strike Counts (2) and (5) as argued in ground One of this motion. Gill contends that Counts (2) and (5) still remain on his July 20, 1995 Sentencing and Commitment document.

Albeit that Gill originally complained in his 2016 **Rule** 3.800 (a) motion that he was well past his initial parole hearing date by some (5) years, due to the 1995 Trial Court's not checking the Sentencing Box allowing for prior prison time served, he was still prejudiced by yet another error in Sentencing. That

error was: even "if "he could have been paroled at his initial parole hearing at that time he would have "only" been paroled to one of the (15) year sentences which were running consecutively to his Life Sentence. This was a super prejudice to Gill IN that; (1) The Two acquitted Counts (2) and (5) added a substantial amount of time to his earliest possible parole date and (2) without those counts there exist a possibility that Gill would or could have been paroled years ago.

Therefore, an "entirely" new Sentencing must occur so that Counts (2) and (5) are not in any way connected to Count one, effecting not only Gill's total sentence but his eligibility for parole. This situation was not corrected by the court's April 25, 2017 illegal and unauthorized (Nunc pro tunc) Order.

## Ground Three

The illegal and unauthorized April 25, 2017 (Nunc pro tunc) Orders prevented Gill from receiving his mandatory Resentencing Hearing, a due process violation

Gill will rely on for this issue: Occidental Fire and Cas. of N.C. v. Great Plains Capital Corp., 912 F. Supp. 515, 518 (S.D. Fla. 1995) and its holdings as quoted from State v. Wood supra, holding; ("Courts may not by entry of a Judgment (Nunc pro tunc) effect the rights of innocent parties, nor the rights of third parties nor those of non parties").

Gill will allege that his Right to receive and to attend a Resentencing Hearing was violated by the court's use of an illegal and unauthorized (Nunc pro tunc) order. Gill will assert that there is no question that his July 20, 1995 sentence was illegal. This fact was conceded to by both the State Attorney's office and this Court, as determined by the Trial Courts' order dated April 3, 2017. Ex. A.

-12-

Our Florida Supreme Court ruled some years ago in *State-V. Scott*, 439 So.2d 219.220 (Fla 1983) That:

> However, once the Court has determined that the sentence was indeed illegal and the prisoner is entitled to a modification of the original sentence or the imposition of a new sentence the full panoply of due process considerations attach. *Walker V. State*, 284 So. 2d 415 (Fla-2d D.C.A. 1973)

Again, there is no question that Gill's sentence was severly modified by the illegal and unauthorized (NUNC pro-tunc) order of April 25, 2017. There the April 25, 2017 order "attempted" to delete 30 years from Gill's sentence by removing and/or striking Counts (2) and (5), from which Gill was acquitted from his current sentence and Commitment documents.

This fact alone and within itself would appear to be a good thing and in Gill's favor, therefore, why should he complain about it? However, there is more to the story. It appears by the Trial Court's April 3, 2017 Order, that it intentionally thwart Gill's due process right to receive and attend a Resentencing Hearing by its use of the illegal and unauthorized (NUNC-pro tunc) Order, where it specifically ruled at Ex. A page 3 parg.3:

> Nevertheless, the Court would note that amending the Defendant's Judgment and Sentencing to include credit for time previously served in prison and striking the portions of his sentence that were previously vacated are menisterial acts that do not require Defendant's presence. [Note: that No where in the Court's Order does it mention that the Order will be done (Nunc pro tunc)]

-13-

whether the action was called a ministerial act or a material change, either one, called for a substantial change in Gill sentence and therefore, prohibited by a (NUNC pro tunc) order as argued and demonstrated in Ground ONE.

This Court as well as the State will more than likely argue and/or conclude that; even "if" this court was to **vacate** the July 20,1995 Judgment and Sentence and the April 25,2017 amended Judgment along with the striking of counts (2) and (5) (NUNC pro tunc) to July 20,1995, and conduct an entirely New Resentencing, that it would be of **NO** benefit to Gill because he would be in the same position as he is now, serving a life sentence. However, this is not so for following reasons: If this court would have conducted an entirely New Resentecing Hearing on April 25, 2017 as it originally ordered on its April 3, 2017 order, there exist a great probability that the outcome of Gill's case would have been different.

See _State V. Scott, supra:_

> Thus, a sentencing hearing is **mandatory**, Florida Rules of criminal procedure **3.720** and the prisoner is entitled to show legal cause why the sentence should not be pronounced and _submit evidence relevant to the sent_- _ence_. [Emphases added by writers underline]

If, a Resentecing Hearing would have been held, Gill would have and was prepared to do so, present evidence that a Judgment could not be entered against him nor could he be resentenced on count ONE because: (1) He had been factually and legally **acquitted** of all the necessary element of the count ONE offense. by his acquittal of counts (2) and (5) which were are one and the **same offense**. (2) In the (1995) retrial, the State used evidence of prior **acquitted** crimes to prove-up Count ONE which is prohibited. (3) Gill was convicted of and also **acquitted** of the _lesser included_ offense of count ONE. Therefore, he could not be convicted of the greater of Count ONE.

-14-

and (4) The verdict as to count ONE was a (true inconsistent verdict) in that's where there is an acquittal on ONE count of an indictment which negates a necessary element to convict on another count of the same indictment that conviction cannot stand. Meaning that's the acquittals on counts (2) and (3) negated all the necessary elements of count ONE, since all three counts were in fact the very (same) offense.

This type of evidence could have been admitted at a Resent-encing Hearing (if held) pursuant to Scott above and the holdings of Lucas v. State, 841 So. 2d 386, 387 (Fla. 2003) quoted in Jackson v. State, 93 So. 3d 395, 396 (Fla 2nd D.C.A. 2012 holding:

> a Sentencing Court is not limited by evid-ence presented (or not presented) in the original sentencing phase. Morton v. State, 789 So. 2d 324, 334 (Fla 2001) holding that in general a resentencing should proceed (de Novo) on all issues bearing on the proper sentence quoting, Teffeteller v. State, 495 So. 2d 744, 745 (Fla 1986).

Since, Gill had been acquitted both factually and legally of all the necessary elements of the count ONE offense he would have vehemently asserted that he could not have been convicted of nor sentenced as to that count ONE offense at a Resentencing Hearing as mandated by Scott supra.

However, the Trial Court's illegal and unauthorized (NUNC pro-tunc) resentencing orders of April 25, 2017 prevented Gill from presenting the Critical evidence as stated above. Thus, Gill asserts that his sentence still remains illegal in that counts (2) and (5) have not been legally removed from his 1995 conviction and Sentencing documents as argued and demonstrated in Ground One of this motion, a(NUNC pro tunc) order cannot be used to make material changes that was not intended in the Original proceedings. See Swayer; State v. Wood, Carridine V. State, and especially; Occidental Fire and Cas. Co. of N.C. V. Great Plains Capital Corp. Supra outlining the the legal usages of (NUNC pro tunc) Orders.

-15-

## Ground Four

Gill contends that his sentence is illegal in that: Since his charging indictment was fatally defective by its failure to sufficiently charge an offense, thus, he CANNOT be sentenced for a NON-EXISTING offense.

Upon a close examination of Gill's charging indictment at Exhibit "F" of this amended Second Motion, it will show separate and distinct criminal offenses in each of the Indictments 8 eight counts; a Capital Sexual Battery on a child under age 12 by a person over the age of 18 years old, pursuant to F.S. 794.011 (2)(a) and a Lewd and Lascivious manner offense under F.S. 800.04 (2)(1987). A Capital Sexual Battery offense under F.S. 794.011(2)(a) carries a penalty of mandatory life in prison whereas, an offense under F.S. 800.04 (2) carries a 15 year prison sentence and in Gill's case, scorable under the Guidelines of (1987). Courts of this state, including our Florida Supreme Court, has held that such a charging Indictment is, fatally defective and fails to sufficiently charge an offense.

Our Florida Supreme Court has further held that a defendant CANNOT be sentenced to a NON-existing offense. Therefore, Gill contends that his sentence as to count one of that fatally flawed Indictment is illegal and must be Vacated and set aside.

## Legal Analysis

It is beyond question that the State's Indictment charged two separate and distinct offenses in each of Gill's 8 eight counts[FN1], where each of those offenses charged carried a different penalty of punishment; Capital Sexual Battery carries mandatory life sentence whereas a Lewd and Lascivious offense carries maximum prison sentence of 15 years imprisonment.

FN2: Gill's Indictment shows 8 (eight) Counts where each Count has exactly the same flaw. However, since Gill has now been acquitted of 7 of those 8 counts only Count one remaines applicable to this argument as an illegal sentence.

-16-

The Sixth Judicial Circuit Court has resently ruled on February 28, 2019 that indeed, an information or Indictment that charges a count identical to that as charged in Bill's Indictment may be raised on a Rule 3.800 (a) as an illegal sentence. See that Court's ruling at Exhibit "G" pages 6-7 of this Amended Second Motion.

Our Florida Supreme Court ruled over 129 years ago in; - Mc Gahagin v. State, 17 Fla 665 (Fla 1880) that an Indictment charging two separate and distinct offense in a single Count and where each of those separate and distinct offense carried different penalties; that the Indictment was "fatally flawed" and could Not stand. That Florida Supreme Court holding has been upheld Numerous times since in cases such as; Hamilton v. State, 176 So. 89 (Fla 1937); Bashan v. State, 388 So.2d 1303, 1305 (Fla 1st D.C. A. 1980) and a more resent case of; Fountain v. State, 623 So.2d 572, 573 (Fla 1st D.C. A. 1993) where that court held:

> Fountain notes an exception to this general rule.[FN3] which does not apply here [as to the Fountain case] The exception discussed in Fountain permits a claim of duplicity to be raised as Fundamental error for the first time on appeal despite the lack of preservation under limited circumstances. The exception has been found to apply where a single count charges two separate and distinct offenses, subject to different punishments and where the jury returned a general verdict so that it is impossible to identify the offense that the jury found was proven.

Bill will argue that his fatally flawed Indictment meets all the exceptions to the general rule as explained in Fountain - supra and an identical fatal flaw as seen in the Sixth Judicial Circuits case as exhibited to this petition at Exhibit "G."

[FN3] Generally a flawed Indictment must be challenged by written motion before Trial of the case. However, Bill alleges that his Indictment has the exception as explained by the Fountain case.

-17-

An extremely good example of how the *Fountain* fatally defective principle works can be found in the case of; *Jozens v. State*, 649 So2d 322, 324 (Fla. 1st D.C.A. 1995) where that case had both kinds of duplicity charges in the same Information or Indictment. In Count (1) of *Jozens'* Information he was charged with Capital Sexual Battery where that Count (1) charged two different (alternative means) of committing the same offense; penile penetration of the anus or vagina and/or digital penetration of the anus or vagina. This type of duplicity (alternative means of committing the 794.011 (2) offense) can be waived [FN1] because both types of sexual acts, penile or digital represents the same statutory offense with the same degree of penalty.

However, Count (2) of *Jozens* was a completely different story. In count (2) *Jozens* was charged with: "___ ___ did unlawfully commit a lewd and lascivious act in the presence of a child under the age of sixteen (16) years to wit: (Name) age 6 or 7 * by committing a sexual battery upon said child" in violation of 800.04 Fla. Statutes." As can be seen in this type of duplicity charging, we have two different statutory offenses charged in the same Count, a lewd and lascivious under F.S. 800.04, which is a second degree felony and Capital Sexual Battery (child under 12 years old) a Capital felony with a mandatory life sentence. Thus, a fatally flawed count as voiced in *Fountain* supra because it failed to completely charge a crime. Here is what the *Jozens* Court held:

> If a charging instrument completely fails to charge a crime, a conviction thereon violates due process, *State v. Gray*, 435 So2d-816 (Fla 1983). The complete failure of an Information to charge a crime is a defect that can be raised at any time. Id. at 818. A conviction for a NON existing offense is

FN1 This Type of duplicity must be objected to by written motion before Trial or the state must elect which alternative means they intend to prosecute at Trial.

-18-

reversible error regardless of whether the issue was raised at Trial. See *State v. Sykes*, 434 So.2d 325 (Fla. 1985) (ONE CANNOT be punished based on a judgment of guilt of a purported crime when the offense in question does NOT exist. *Brown v. State*, 550 So.2d 1422 (Fla. 1st D.C.A. 1989). Herein, we find that the State's use of the phrase "by committing Sexual Battery upon said child" rendered the entire Count "fatally flawed" We therefore have NO choice but to reverse the judgment and sentence for lewd and lascivious act as charged in Count (2).

To compare: In Gill's case, his duplicity charging in Counts 1-8 is an almost identical "fatally flawed" charging document as that of **Jozens'** Count (2) except the reverse. Instead of having the phrase; "by committing a sexual battery upon said child" injected into his lewd and lascivious Count as in **Jogens**, Gill has the phrase. "and did so in a lewd and lascivious manner" injected into his Sexual Battery Count (1). In both **Jozens'** and Gill's situations each Constituted a NON-existing crime for the following reason; a victim under age 12 could NOT be convicted of a lewd and lascivious act (800.04 (2) (1987) that also Constituted Sexual Battery under F.S. 794.011 (2)(a). As this Court can readily see at Exhibit "H" to this motion, where Gill's Convictions on Counts (2) and (5) were vacated and set aside on January 4, 2002 by this Court for that very same reason. However, this specific issue was NOT addressed by the (2002) Trial Court even though the issue was raised in Gill's Motion for postconviction Relief, Rule 3.850. Therefore, if **Jozens'** Count (2) Conviction was vacated and set aside, so should Gill's Count (1) for the very same reasoning as voiced in **Jozens**

The "and did so in a lewd and lascivious manner" cannot be considered surplusage language.

-19-

This Court and/or the responding State (if ordered to re-spond) may argue that the words; "and did so in a lewd and lascivious manner" are just surplusage words and in no way effected the charged offense or conviction. Gill will disagree with that argument for the following reasons: (1) In 1987, Florida Statute 800.04 (2) read as follows: ("Commits an act defined as Sexual Battery under F.S. 794.011 (1)(h), upon a child under the age of 16 years___"). Therefore the actual sex act(s) described in each of Gill's 8 counts could also constitute the criminal offense of; lewd and lascivious in that F.S. 794.011(1)(h) (1987) means: "Oral, anal, or vaginal penetration by, or union with, the sexual organ of another___" Specifically, the manner and specific body parts utilized in the sex act(s) defines whether it is - criminal or not.

Therefore, one could not discern (primarily Gill's Jury) from the Indictment's written counts, whether Gill was charged with Sexual Battery under 794.011(2)(a) or Lewd and lascivious under 800.04(2) (1987) because the sex act(s) require under both statutory offenses are exactly the same. Thus, Gill will argue that they; "and did so in a lewd and lascivious manner" language in each count especially count (1) describes a totally different statutory offense than Capital Sexual Battery and cannot be deemed surplusage language as in Jozens supra.

This same type of surplusage language question was answered in a very simular case of; D.R. V. State, 790 So.2d 1242 (Fla 5th D.C.A.-2001), where that Court held:

> In the instant case, the phrase "placing his penis in or in union with K. T's vagina" is not surplusage. Unlike murder, where the manner of killing is not an essental element of the offense, the manner or nature of an act is an essential element of the offense in a lewd and lascivious [or in Gill's case, a Capital Sexual Battery] act case. In other words, the nature of the act is what de-termenes if it's Criminal or not.

Also this Court or the State might argue that, since, the "Caption"

ON the heading of Gill's Indictment has the words "Capital Sexual Battery" that there should be NO question as to the offense he was charged with. First, Gill is NOT ONLY questioning "what" he was charged with but primarily "what" the jury ultimately convicted him of. The language of the Count is what controls over such things as a "caption" or even the Statutory referrence number such as 794.011(2)(a). See Troyer. V. State 610 So 2d 830 Fla 2nd Dca 1992).

The Jury in Gill's (1995) New Trial was specifically instructed ON lewd and Lascivious which, as has been previously stated, F.S. 800.04(2) has exactly the same elements for conviction as the 794.011(2)(a) Sexual Battery. Thus the Jury's verdict form does NOT answer the question either because the Jury's verdict specifically found that Gill was guilty of placing his penis IN or IN UNION with Marie's vagina. Albeit, not a general verdict, this verdict could very well represent a conviction on either Sexual Battery under 794.011 (2) or 800.04 (2) (1987). Therefore, a general verdict which is required in most fatally flawed-Indictments does not apply in this Case. See Exhibit "H" to this motion where Judge Beach vacated and set aside Two Counts of 800.04 (2).

On conclusion Gill asserts that this Court should find that his Indictment as to Count (1) is fatally flawed because the count failed to charge a crime, "just as in Jozens, Fountain and McGahagin supra and further find that he cannot be sentenced for a NON-existant offense. Thus, this Court must find that Gill's sentence is illegal and vacate and set aside that sentence.

-21-

## Conclusion

For the reasons stated above, this Court should **vacate** its April 25, 2017 orders and the July 20, 1995 Judgment and Sentencing and hold a Resentencing Hearing as **mandated** by **Scott** supra. There, allowing Gill to attend and present evidence as to why he should not be reconvicted and re-sentenced as to Count ONE as held by **Jackson v. State,** Supra.

In addition, this Court must find that Gills Indictment was **fatally flawed,** thus his sentence is **illegal.** Therefore, Gill's sentence for Count ONE should be **vacated and set aside** and Gill **discharged** from that Court as argued herein.

Respectfully submitted,

_Marvin C. Gill_

Marvin C. Gill, Defendant Pro-se.
Okeechobee Correctional Institution
3420 N.E. 168th Street.
Okeechobee, Florida, 34972

-22-

## Certificate of Service

I hereby Certify That a true and Correct Copy of This Second Motion to Correct an illegal Sentance has been Furnished to the Office of The States Attorney at: 38053 Live Oak Ave. _____ Dade City, Florida 33523 by placing this document in the hands of Prison Officials at Okeechobee Correctional Institution, 3420 N.E. 168ᵗʰ Street, Okeechobee, Florida to be mailed by first class mail on this 26 day of March 2019.

Marvin Gill 827207

Marvin C Gill-827207-pro se.
Okeechobee Correctional Inst.
3420 N.E. 168ᵗʰ Street
Okeechobee, Florida 34972

-23-

75

In The Circuit Court of The Sixth
Judicial Circuit in and for Pasco
County, Florida

State of Florida,
  Plaintiff,

V.

Case No.: 87-1377 CFAES
previous (2016) No.: CRC 87-01377 CFAES

Marvin C. Gill,
  Defendant.

_____/

## Appendix

Exhibits:

Page No.:

Exhibit (A) Trial Court's April 3, 2017 Order _ _ _ _ _ _ _ _ _ 1
Exhibit (B). Trial Court's April 25, 2017 Amended Judgment _ _ _ _ 5
Exhibit (C). Trial Court's April 25, 2017 Amended Special Provisions _ _ 6
Exhibit (D) April 25, 2017 Certificate of Service _ _ _ _ _ _ _ 7
Exhibit (E) July 20, 1995 Sentencing Documents _ _ _ _ _ _ _ _ 8
Exhibit (F) Gill's 1997 Indictment _ _ _ _ _ _ _ _ _ _ _ _ 13
Exhibit (G) Sixth Judicial Circuit Court's Feb. 28, 2019 Order _ _ 16
Exhibit (H) Vacating Counts (2) and (5) _ _ _ _ _ _ _ _ _ _ _ 23

-24-

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA
## CRIMINAL DIVISION

STATE OF FLORIDA,

· CASE NO.: CRC87-01377CFAES
(Aux. Case No.: CRC02-A0108CFAES)
UCN: 511987CF001377A000ES
v. DIVISION: 2

MARVIN C. GILL,
SPN: 00023295, Defendant. /

## ORDER GRANTING THE "MOTION TO CORRECT DEFENDANT'S ILLEGAL SENTENCE:" DIRECTIONS TO CLERK

THIS CAUSE came before the Court on the Defendant's *pro se* "Motion to Correct Defendant's Illegal Sentence," filed September 12, 2016, pursuant to Florida Rule of Criminal Procedure 3.800(a). Having reviewed the motion, the record, the State's response, and applicable law, the Court finds as follows:

## PROCEDURAL HISTORY

The Defendant was charged by indictment with eight counts of capital sexual battery. On June 10, 1989, after a jury trial, he was convicted of one count of sexual battery (Count One), two counts of lewd and lascivious (Counts Two and Five), and one count of attempted sexual battery (Count Seven).[1] On that same date, he was sentenced to life imprisonment as to Count One, with the possibility of parole after 25 years. (*Exhibit A: June 10, 1989 Judgment and Sentence*). On July 13, 1989, he was sentenced to on the remaining counts, as follows: 15 years' imprisonment on Counts Two and Five and 30 years' imprisonment as to Count Seven. (*Exhibit B: July 13, 1989 Judgment and Sentence*). The Defendant timely filed an appeal. The Second District Court of Appeal affirmed the Defendant's sentence and conviction.

Thereafter, the Defendant filed a motion for postconviction relief, which was ultimately denied by this Court. The Defendant appealed this Court's denial of his motion for postconviction relief, and on February 16, 1994, the Second District Court of Appeal affirmed in part, and reversed and remanded in part, with instructions for this Court to conduct an evidentiary hearing, concerning the Defendant's claim that his trial counsel was ineffective for

[1] The record reflects that the Court granted a Judgment of Acquittal on two counts, Counts Three and Six. The record reflects further that Counts Four and Eight were dismissed.

77

advising him not to testify. *Gill v. State*, 632 So. 2d 660, 660 (Fla. 2d DCA Feb. 16, 1994), *disapproved of by Oisorio v. State*, 676 So. 2d 1363 (Fla. July 18, 1996). Following an evidentiary hearing on this matter, the Court determined that the Defendant's trial counsel was ineffective for preventing him from testifying in his own behalf, and the Defendant was granted a new trial. After his second trial, the Defendant was convicted of the sexual battery charge (Count One) and the lewd and lascivious charges (Counts Two and Five), but he was acquitted on the attempted sexual battery (Count Seven). On July 20, 1995, the Defendant was again sentenced to life imprisonment with the possibility of parole after 25 years on the sexual battery charge (Count One), and to 15 years' imprisonment on each lewd and lascivious charge (Counts Two and Five). (*Exhibit C: July 20, 1995 Judgment and Sentence*).

Thereafter, the Defendant filed another motion for postconviction relief, and the Court denied relief on all of the Defendant's claims but two, Grounds Three and Fourteen. With respect to Grounds Three and Fourteen, the Court issued an order, incorporated herein by reference, directing the State to show cause why the Defendant should not be granted an evidentiary hearing concerning those claims for relief. Following an evidentiary hearing, Ground Fourteen of the Defendant's motion was denied and Ground Three was granted, which resulted in the Defendant's convictions as to Counts Two and Five of the indictment being vacated.[2] (*Exhibit D: Court's January 8, 2002 Order*). It does not appear that an amended Judgment and Sentence was issued after this Court's January 8, 2002 order.

## ANALYSIS

In the instant motion, the Defendant claims that the Court failed to award him prison credit for the time he previously spent incarcerated prior to his July 20, 1995 resentencing. In support of this claim, he points this Court's attention to the July 20, 1995 Judgment and Sentence and claims that the Court failed to "check the box on the sentencing document to award that prison time." (*See Exhibit C: July 20, 1995 Judgment and Sentence*).

The Court notes that "[u]pon resentencing, defendants...who have been resentenced through no fault of their own are entitled upon resentencing to credit for all actual time served and gain time earned during their initial prison term." *Davidson v. State*, 780 So. 2d 984, 985

---

[2] In vacating Counts Two and Five, the Court found that because the victims in the case were under the age of twelve at the time of the offense, the Defendant could not convicted under §800.04(2), Fla. Stat. (1987). *See Jozens v. State*, 649 So. 2d 322 (Fla. 1st DCA 1995).

(Fla. 1st DCA 2001). The Defendant contends that because of this error, he "is long past his 25 years of mandatory incarceration and is eligible for a parole date." (emphasis in original).

Based on the foregoing, the State was directed to respond. Thereafter, it came to the Court's attention that the order directing the State to respond, issued on December 9, 2016, and filed on December 12, 2016, contained a scrivener's error in the directions to the State in that it failed to indicate the amount of time the State had to respond to the Defendant's claims. Additionally, the order failed to notify the Defendant that the order was not yet a final order. To correct these errors, on January 11, 2017, the Court issued an order, rescinding and amending its order issued on December 9, 2016, and filed on December 12, 2016. On January 4, 2017, the State timely filed its response.

In its timely filed response, the State agrees that the Defendant is entitled to prison credit "from his initial sentencing to his resentencing on July 20, 1995." The Court agrees and the Defendant's claim for prison credit is therefore granted. Accordingly, the Defendant's Judgment and Sentence shall be amended to include credit for time previously served in prison. However, the Court notes that the Department of Corrections, not the Court, maintains responsibility for calculating prior prison credit. *See Hampton v. State*, 421 So. 2d 775, 775 (5th DCA 1982); *See also Hardenbrook v. State*, 953 So. 2d 717, 719 (1st DCA 2007).

Finally, the Court notes that not only does the July 20, 1995 Judgment and Sentence need to be updated to include credit for the time the Defendant previously served in prison, but given the fact a new Judgment and Sentence was never issued after this Court vacated the Defendant's convictions as to Counts Two and Five of the indictment; the Court finds that issuing an entirely new Judgment and Sentence is prudent. This is to ensure that the Judgment and Sentence accurately reflects the current terms of the Defendant's sentence. Nevertheless, the Court would note that amending the Defendant's judgment and sentence to include credit for time previously served in prison and striking the portions of his sentence that were previously vacated, are ministerial acts that do not require the Defendant's presence. *See Acosta v. State*, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010). (holding that a defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion except when it concerns issues that are purely ministerial in nature); *see also Mullins v. State*, 997 So.2d 443, 445 (Fla. 3d DCA 2008) ("A defendant will receive a new sentencing hearing if the resentencing

Case 8:19-cv-01507-SDM-MRM Document 6-1 Filed 07/05/19 Page 82 of 102 PageID 784
USCA11 Case: 22-12743 Document: 2 Date Filed: 08/22/2022 State v. Gill; 87 of 105
4 of 4

involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence.").

Accordingly, it is:

**ORDERED AND ADJUDGED** that the Defendant's "Motion to Correct Defendant's Illegal Sentence," is hereby **GRANTED**.

**THE CLERK OF THE CIRCUIT COURT IS HEREBY DIRECTED TO AMEND** the Judgment and Sentence in **Case No.: CRC87-01377CFAES**, entered on July 20, 1995 in OFF REC BK: 005N PG: 1739-1749, as follows:

1. Amend the Judgment and Sentence to reflect the award of prison credit for all time previously served in the Department of Corrections prior to resentencing, and;

2. In accordance with this Court's January 8, 2002 Order vacating Counts Two and Five of the Defendant's sentence (*See Exhibit D*), the Clerk is directed to strike Counts Two and Five from the Judgment and Sentence, including any special provisions associated with Counts Two and Five.

**The Clerk shall then forward a certified copy of the newly amended Judgment and Sentence to the Department of Corrections, attention: Sentence Structure, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.**

**THE DEFENDANT IS NOTIFIED** that he has 30 days from the date of this order to file an appeal, should he choose to do so.

**DONE AND ORDERED** in Chambers at Dade City, Pasco County, Florida, this $2^{rd}$ day of March, 2017. A true and correct copy of this order has been furnished to the parties listed below.

Susan Barthle, Circuit Judge

cc:     State Attorney; Staff Attorney
        Marvin Gill, DC#: 827207
        Okeechobee Correctional Institution
        3420 N.E. 168th St.
        Okeechobee, FL 34972

Case 8:19-cv-01507-SDM-MRM   Document 7-1   Filed 07/05/19   Page 83 of 102   PageID 305
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 84 of 105

Page 117

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

STATE OF FLORIDA          DIVISION    **04**
     VS               CASE NO:    **8701377CFAES**

**Marvin Gill**

_ - Comm Ctrl Violator _ Retrial

~AMENDED JUDGMENT Probation Violator -_ Resentence

The Defendant, Marvin Gill, being personally before this court represented by, Steven Herman/William Dayton the attorney of record, and the State represented by, Phil Van Allen, and having:

     X    been tried and found guilty by jury/by court of the following crimes(s)

     _____ entered a plea of guilty to the following crime(s)

     _____ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Statute and Degree | |
|-------|-------|--------------------|---|
| 1 | Sexual Battery | 794.011(2) | Capital |
| | | | |
| | | | |
| | | | |
| | | | |

   X    and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby **ADJUDICATED GUILTY** of the above crime(s)

_____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE **WITHHELD**.

_____ The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the defendant on _____ under the supervision of the Department of Corrections (Conditions of probation and/or community control set forth in a separate order)

_____ Being a qualified offender pursuant to s. 943.325, the defendant shall be required to submit to DNA samples as required by law.

_____ The Court defers imposition of sentence until _____

_____ The Court finds that the defendant violated all the conditions alleged in the affidavit, a copy of which is attached.

The defendant in open court was advised of his right to appeal from this judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

Done and Ordered this 25 day of April, 2017 in New Port Richey, Pasco County, Florida

Nunc Pro Tunc: July 20, 1995

_____
Circuit Judge, Susan G. Barthle

*Amended to remove counts 2 & 5 per order dated April 3, 2017

Page 118

STATE OF FLORIDA        CASE NO:   8701377CFAES

VS

**DEFENDANT:**    **Marvin Gill**

## ORDER FOR
## Amended Special Provisions / Other Provisions:

| | | |
|---|---|---|
| Retention of Jurisdiction | ___ | This court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983). |
| Jail Credit | x | It is further ordered that the defendant shall be allowed a total of 720 days as credit for time incarcerated before imposition of this sentence. |
| Prison Credit | x | It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing. |
| Consecutive / Concurrent As to Other Counts | ___ | It is further ordered the sentence imposed for _____ shall run _____ with the sentence set forth in _____ |
| Consecutive / Concurrent As To Other Convictions | ___ | It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) |

         ___ consecutive to     ___ concurrent with the following (check one)
         ___ any active sentence being served
         ___ specific sentences: _____

No Contact     ___ It is further ordered that the defendant is prohibited from having contact with the Victim, directly or indirectly, including through a third person, for the duration of the sentence.

In the event the above sentence is to the Department of Corrections, the Sheriff of Pasco County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of Indigence.

In imposing the above sentence, the court further recommends

_____
_____
_____
_____

DONE AND ORDERED in open court at Pasco County, Florida this __25__ __ day of April, 2017.

Nunc Pro Tunc: July 20, 1995

_____
Circuit Judge, Susan G. Barthle

*Amended to reflect the award of prison credit for all time previously served in the Department of Corrections prior to resentencing and to strike counts 2 & 5 per order dated April 3, 2017*

R10132015

STATE OF FLORIDA                    CASE NO 8701377CFAES

     VS

Marvin Gill

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to:

( X ) Personal Service to State Attorney for Sixth Judicial Circuit, Pasco County, Florida

(   ) Personal Service         (   ) U.S. Mail

    To:  Attorney of Record
    Address:

(   ) Personal Service         (   ) U.S. Mail

    To: _ Defendant
    Address:

DATED this 25th day of April, 2017.

By: _____
    Deputy Clerk

    Office of Paula S. O'Neil
    Clerk & Comptroller
    Pasco County, Florida



83

7 pages (Record pgs 34-42)

Defendant _MARVIN GILL_____    Case Number__8701377CFAES__ OBTS Number_____
                                   SPN#_____ 23295 ___ DOC#_____

# SENTENCE

(As to Count___1___)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____
WILLIAM DAYTON/STEVEN HERMAN _____ , and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown.

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date
                               (date)

_____ and the Court having previously entered a judgment in this case on _____ now
      resentences the defendant                                                   (date)

_____ and the Court having placed the defendant on probation/community control and having subsequently
      revoked the defendant's probation/community control.

## It Is The Sentence Of The Court that:

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus
      $_____ as the 5% surcharge required by section 960.25, Florida Statutes.

_XXX_ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____ County,
      Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

## To Be Imprisoned (Check one; unmarked sections are inapplicable.):

_____ For a term of natural life.

_XXX_ For a term of _____ LIFE

_____ Said SENTENCE SUSPENDED for a period of_____ subject to conditions set forth
      in this order.

If "split" sentence, complete the appropriate paragraph.

_____ Followed by a period of _____ on probation/community control under the supervision of
      the Department of Corrections according to the terms and conditions of supervision set forth in a separate
      order entered herein.

_____ However, after serving a period of_____imprisonment in _____ , the
      balance of the sentence shall be suspended and the defendant shall be placed on probation/community control
      for a period of _____ under supervision of the Department of Corrections according
      to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

AUG 8 '95

BOOK _54_ PAGE _1743_

Page____of____

(84)

Defendant ___MARVIN GILL_____ Case Number___8701377CFAES___OBTS Number_____
SPN#___23295_____DOC#_____

# SENTENCE

(As to Count____2____)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____
WILLIAM DAYTON/STEVEN HERMAN_____ , and having been adjudicated guilty herein, and the court having given the
defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the de-
fendant should not be sentenced as provided by law, and no cause being shown

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date
                              (date)

_____ and the Court having previously entered a judgment in this case on _____ now
      resentences the defendant                                                    (date)

_____ and the Court having placed the defendant on probation/community control and having subsequently
      revoked the defendant's probation/community control.

## It Is The Sentence Of The Court that:

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus
      $_____ as the 5% surcharge required by section 960.25, Florida Statutes.

XXX_ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____ County,
      Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

## To Be Imprisoned (Check one; unmarked sections are inapplicable.):

_____ For a term of natural life.

XXX_For a term of __FIFTEEN (15) YEARS__

_____ Said SENTENCE SUSPENDED for a period of_____ subject to conditions set forth
      in this order.

If "split" sentence, complete the appropriate paragraph.

_____ Followed by a period of _____ on probation/community control under the supervision of
      the Department of Corrections according to the terms and conditions of supervision set forth in a separate
      order entered herein.

_____ However, after serving a period of_____imprisonment in _____ , the
      balance of the sentence shall be suspended and the defendant shall be placed on probation/community control
      for a period of _____ under supervision of the Department of Corrections according
      to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

Page_____of_____

BOOK _SN_ PAGE _1744_



Defendant _____ MARVIN GILL _____ Case Number __8701377CFAES__ OBTS Number_____
SPN#__23295_____ DOC#_____

# SENTENCE

(As to Count __5__ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____
WILLIAM DAYTON/STEVEN HERMAN
_____ , and having been adjudicated guilty herein, and the court having given the
defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the de-.
fendant should not be sentenced as provided by law, and no cause being shown

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date
(date)

_____ and the Court having previously entered a judgment in this case on _____ now
resentences the defendant
(date)

_____ and the Court having placed the defendant on probation/community control and having subsequently
revoked the defendant's probation/community control.

## It Is The Sentence Of The Court that:

_____ The defendant pay a fine of $_____, pursuant to section 775.083, Florida Statutes, plus
$_____ as the 5% surcharge required by section 960.25, Florida Statutes.

__XXX__ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____ County,
Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

## To Be Imprisoned (Check one; unmarked sections are inapplicable.):

_____ For a term of natural life.

__XXX__ For a term of __FIFTEEN (15) YEARS_____

_____ Said SENTENCE SUSPENDED for a period of_____ subject to conditions set forth
in this order.

If "split" sentence, complete the appropriate paragraph.

_____ Followed by a period of _____ on probation/community control under the supervision of
the Department of Corrections according to the terms and conditions of supervision set forth in a separate
order entered herein.

_____ However, after serving a period of_____imprisonment in _____ , the
balance of the sentence shall be suspended and the defendant shall be placed on probation/community control
for a period of _____ under supervision of the Department of Corrections according
to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

AUG 9 '95

BOOK __5N__ PAGE __1745__



Defendant _____ _____ Case Number_____ OBTS Number_____

SPN#_____ DOC#_____

## SENTENCE

(As to Count_____)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____
_____ , and having been adjudicated guilty herein, and the court having given the
defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown

(Check one if applicable.)

_____ and the Court having on _____ deferred imposition of sentence until this date
(date)

_____ and the Court having previously entered a judgment in this case on _____ now
resentences the defendant                                                                    (date)

_____ and the Court having placed the defendant on probation/community control and having subsequently
revoked the defendant's probation/community control.

## It Is The Sentence Of The Court that:

_____ The defendant pay a fine of $_____ pursuant to section 775.083, Florida Statutes, plus
$_____ as the 5% surcharge required by section 960.25, Florida Statutes.

_____ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of _____ County,
Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

## To Be Imprisoned (Check one; unmarked sections are inapplicable.):

_____ For a term of natural life.

_____ For a term of _____

_____ Said SENTENCE SUSPENDED for a period of_____ subject to conditions set forth
in this order.

If "split" sentence, complete the appropriate paragraph.

_____ Followed by a period of _____ on probation/community control under the supervision of
the Department of Corrections according to the terms and conditions of supervision set forth in a separate
order entered herein.

_____ However, after serving a period of_____imprisonment in _____ , the
balance of the sentence shall be suspended and the defendant shall be placed on probation/community control
for a period of _____ under supervision of the Department of Corrections according
to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied
before the defendant begins service of the supervision terms.

Page____of____

87

F03C

Defendant _____ MARVIN GILL _____ Case Number _____ 8701377CFAES

SPN# 23295 _____ DOC# _____

# SPECIAL PROVISIONS

(As to Count ___1___)

By appropriate notation, the following provisions apply to the sentence imposed:

## Mandatory/Minimum Provisions:

**Firearm** _____ It is further ordered that the 3-year minimum imprisonment provisions of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.

**Drug Trafficking** _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

**Controlled Substance Within 1,000 Feet of School** _____ It is further ordered that the 3-year minimum imprisonment provisions of section 893.13(1)(e)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

**Habitual Felony Offender** _____ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**Habitual Violent Felony Offender** _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.

**Law Enforcement Protection Act** _____ It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with section 775.0823, Florida Statutes.

**Capital Offense** __XXX__ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.

**Short-Barreled Rifle, Shotgun, Machine Gun** _____ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count.

**Continuing Criminal Enterprise** _____ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.

_____ _____

## Other Provisions:

**Retention of Jurisdiction** _____ The court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983).

**Jail Credit** __XXX__ It is further ordered that the defendant shall be allowed a total of _73.0_ days as credit for time incarcerated before imposition of this sentence.

**Prison Credit** ___ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

BOOK _5N_ PAGE _1746_
AUG 8 '95

Page ___ of ___

INDICTMENT

*In the Circuit Court for the Sixth Judicial Circuit of Florida,*

*in and for Pasco County*

SPRING TERM, in the year of our Lord one thousand nine hundred eighty-seven

8701377CFAES SPN#23295
THE STATE OF FLORIDA
vs.

MARVIN GILL

INDC

INDICTMENT FOR

SEXUAL BATTERY
(8 COUNTS)

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

The Grand Jurors of the State of Florida, impaneled and sworn to inquire and true

charge make in and for the body of the County of Pasco, upon their oath do charge that

MARVIN GILL

of the County of Pasco and State of Florida, on the second day of May

in the year of our Lord, one thousand nine hundred eighty-seven in the County and

State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Marie Hampton, a child less than 12 years of age by placing the penis of MARVIN GILL in or in union with the vagina of Marie Hampton and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

COUNT II
And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco, upon their oath do charge that MARVIN GILL of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Marie Hampton, a child less than 12 years of age by placing the penis of MARVIN GILL in or in union with the anus of Marie Hampton and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

COUNT III
And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Marie Hampton, a child less than 12 years of age by placing the penis of MARVIN GILL in the mouth of Marie Hampton and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

COUNT IV
And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Marie Hampton, a child less than 12 years of age by placing the mouth of MARVIN GILL on the vagina of Marie Hampton and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

Exhibit "F"
(3) pages

SO 7/17/87

000001

139

## COUNT V

And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Theresa Stevens, a child less than 12 years of age by placing the penis of MARVIN GILL in or in union with the vagina of Theresa Stevens and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

## COUNT VI

And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco, upon their oath do charge that MARVIN GILL of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Theresa Stevens, a child less than 12 years of age by placing the penis of MARVIN GILL in or in union with the anus of Theresa Stevens and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

## COUNT VII

And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Theresa Stevens, a child less than 12 years of age by placing the penis of MARVIN GILL in the mouth of Theresa Stevens and did so in a lewd and lascivious manner; contrary to Chapter 794.011(2), Florida Statutes, and against the peace and dignity of the State of Florida.

## COUNT VIII

And the Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco and State of Florida, on the second day of May in the year of our Lord, one thousand nine hundred eighty-seven in the County and State aforesaid did, while being over the age of eighteen years, commit a sexual battery upon Theresa Stevens, a child less than 12 years of age by placing the mouth of MARVIN GILL on the vagina of Theresa Stevens and did so in a lewd and lascivious manner;

000002

90

ontrary to Chapter ___794.011(2)___ , Florida Statutes, and against the peace and dignity
f the State of Florida.

Bernard J. McCabe, Assistant
I, ~~XXXXXXXXXXXXX~~,/State Attorney for the Sixth Judicial Circuit of Florida, have
dvised the Grand Jury returning the above Indictment as authorized and required by law.

Asst. ___Bernard J. McCabe___
State Attorney for the Sixth Judicial Circuit of the State of
Florida, prosecuting for said State.

resented in open Court by the Grand Jury and filed this ___14___ day of ___July___
.D. 19_82_

___Jed Pittman___
Clerk of the Circuit Court

By _____
Deputy Clerk

Sixth Judicial Circuit
Pasco County, Florida

The State of Florida
vs.
MARVIN GILL

Indictment for

SEXUAL BATTERY
(8 COUNTS)

TRUE BILL.

Foreperson of the Grand Jury

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY CRIMINAL DIVISION

**STATE OF FLORIDA,**

v.

**TERRY LEE NIDA,**
Person ID: 1282746, Defendant.

_____/

**CASE NO.: CRC94-00471CFANO**
**UCN:       521994CF000471XXXXNO**
**DIVISION:  I**

### ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** came before the Court on Defendant's *pro se* Petition for Writ of Habeas Corpus filed February 8, 2019. Having considered the petition, record, and applicable law, the Court finds as follows:

#### PROCEDURAL HISTORY

Defendant was charged with four counts of capital sexual battery, each count alleging a separate and discreet act. (*See* Exhibit 1: Felony Information). Defendant pled guilty as charged and on October 18, 1994, the Court sentenced him to life imprisonment on each count and imposed the mandatory minimum term of 25 years under section 775.082(a), Florida Statutes (1994). (*See* Exhibit 2: Judgment and Sentence). Defendant did not file an appeal.

#### ANALYSIS

In his petition, Defendant contends he is being illegally detained because his conviction violates double jeopardy and because the information was fatally defective. As to Ground 1, he request that his conviction and sentence on each of the four counts be vacated and that he receive a jury trial on only two of those counts, or that the Court resentence him on two counts only. As to Ground 2, he requests that his convictions and sentences be vacated and that the Court sentence him to 15 years, or that he be afforded a new trial with a correct information.

The Court notes initially that Defendant has not established he is entitled to habeas relief. "The great writ of habeas corpus is a writ of right obtainable under our Constitution by all men who claim to be unlawfully imprisoned against their will. It is designed to test solely the legality of the petitioner's imprisonment." *Sneed v. Mayo*, 66 So. 2d 865, 869 (Fla. 1953); *see also Schack v. State*, 194 So. 2d 53, 53 (Fla. 1st DCA 1967) (holding a "writ of habeas corpus cannot issue if the petitioner is not entitled to immediate release from his confinement"); *State ex rel.*

*Risatti v. Eaton*, 161 So. 2d 549, 550 (Fla. 2d DCA 1964) (noting, "It must be kept in mind that the sole function of a habeas corpus proceeding is to test the legality of the petitioner's detention").

Defendant does not allege anything to show he is entitled to immediate release from his confinement. Rather, he attempts to litigate claims that were or should have been raised in a timely rule 3.850 motion. This is an improper use of the great writ and, therefore, Defendant's request for a writ of habeas corpus is denied. "The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850." *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004); *see also Wright v. State*, 857 So. 2d 861, 874 (Fla. 2003) (holding, "Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal or in postconviction proceedings"). Nor can habeas corpus be used to re-litigate postconviction claims that have already been raised and considered. *See Howarth v. Dep't of Corr.*, 220 So. 3d 485, 486 (Fla. 2d DCA 2017) (noting the defendant had previously challenged the alleged defective information in a rule 3.850 motion, the court held that he was "improperly trying to use the vehicle of habeas corpus" to re-litigate his postconviction claims). Although in the past habeas corpus was the primary procedural device to challenge a judgment or sentence, once adopted, rule 3.850 "superseded habeas corpus as the method [of such] collateral[] attack." *Collins v. State*, 859 So. 2d 1244, 1246 (Fla. 5th DCA 2003). As such, claims cognizable under rule 3.850 are not appropriate for habeas corpus proceedings. *Id.* The Court notes, additionally, that the cases upon which Defendant relies for the proposition that habeas corpus relief is always available to prevent a manifest injustice or incongruous results are distinguishable and, therefore, inapplicable here.

In this case, Defendant's petition is in the nature of a rule 3.850 motion for postconviction relief. Treated as such, it is untimely. Specifically, a rule 3.850 motion must be filed within two years of when the judgment and sentence became final. Fla. R. Crim. P. 3.850(b). Because he did not file a direct appeal, Defendant's judgment and sentence became final on November 17, 1994. Thus, he had until roughly November 17, 1996, to file a timely rule 3.850 motion. Although Defendant's petition contains a sufficient oath, the Court need not treat it as a rule 3.850 motion because it is untimely and would be denied on that basis. *Valdez-Garcia v. State*, 965 So. 2d 318, 323 (Fla. 2d DCA 2007).

Based on the above, the only remaining vehicle by which the Court may consider Defendant's claims is rule 3.800(a), which allows the sentencing court to correct an illegal sentence at any time if the record, on its face, reveals that the defendant is entitled to relief. Fla. R. Crim. P. 3.800(a); *Carter v. State*, 786 So. 2d 1173, 1180 (Fla. 2001). A sentence is illegal if it is one that no judge could have possibly imposed for the crime charged under the entire body of sentencing law under any set of factual circumstances. *Id.* at 1178. The burden is on the party seeking relief to show why the sentence is illegal. *Prieto v. State*, 627 So. 2d 20, 21 n.1 (Fla. 2d DCA 1993).

In Ground 1, Defendant alleges he was placed in jeopardy twice for the same offenses because counts one and two involve the same criminal act and counts three and four involve the same criminal act. He acknowledges that the sexual batteries alleged in counts one and two took place during a different time period than the sexual batteries alleged in counts three and four; however, he contends that counts one and two, and three and four, respectively, allege the same offense: sexual battery. As such, he concludes, he should only have been charged and convicted of two total offenses.

Unfortunately, because the claims in Ground 1 attack Defendant's convictions and, by default, his sentences, the Court is unable to consider them under rule 3.800(a). "Double jeopardy challenges to convictions are not cognizable under rule 3.800(a) for two reasons." *Coughlin v. State*, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006). "First, a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction." *Id.* "Second, permitting defendants to attack their conviction and sentence under rule 3.800(a) would subsume Florida Rule of Criminal Procedure 3.850 into rule 3.800(a), thereby allowing defendants to circumvent rule 3.850's two-year time bar for attacking their convictions and sentences." *Id.* As such, Defendant is not entitled to relief under rule 3.800(a) on Ground 1.

The Court notes, additionally, that even if his claims were cognizable at this time, they would be denied as meritless. Contrary to Defendant's arguments, each count of his information alleges a different act that constitutes sexual battery. Specifically, although referring to a different time period, counts one and three each allege that Defendant committed sexual battery on a child less than 12 years old in violation of section 794.011(2) Florida Statutes, by "placing his penis into or in union with the ***mouth*** of [the victim]." (*See* Ex. 1) (emphasis added). Also

referring to a different time period, counts two and four each allege that Defendant committed sexual battery on a child less than 12 years old in violation of section 794.011(2) Florida Statutes, by "placing his penis into or in union with the ***anus and/or vagina*** of [the victim]." (*See* Ex. 1) (emphasis added).

"The sexual battery statute may be violated in multiple, alternative ways, i.e., 'oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.'" *Saavedra v. State*, 576 So. 2d 953, 956–57 (Fla. 1st DCA 1991) (*quoting* § 794.011(1)(g), Fla. Stat. (1987)). Defendant's argument—that placing his penis into or in union with the victim's mouth and placing his penis into or in union with the victim's vagina and/or anus supports only one sexual battery conviction and sentence—has been considered and rejected by the Second District Court of Appeal and the Florida Supreme Court. *See e.g. Graham v. State*, 207 So. 3d 135, 140-41 (Fla. 2016) (finding "the defendant violated the lewd or lascivious molestation statute twice in one episode for the distinct acts of touching the victim's breasts and then touching [her] buttocks" and, as such, his two convictions of lewd or lascivious molestation did not violate double jeopardy); *State v. Meshell*, 2 So. 3d 132, 134–36 (Fla. 2009) (agreeing "that sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments") (citing § 775.021(4)(a), Fla. Stat. (2006) (providing that "Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense")); *Duke v. State*, 444 So. 2d 492, 494 (Fla. 2d DCA 1984) (rejecting argument that attack on the victim constituted only a single violation of the sexual battery statute and finding, "Clearly, penetration of the vagina and penetration of the anus are distinct acts necessary to complete each sexual battery"). Because each count of Defendant's information alleges distinct acts that constitute sexual battery, he was properly convicted and sentenced on four counts of sexual battery.

Defendant makes a lengthy argument as to why the Florida Supreme Court erred in deciding *Meshell* and *Graham* (cited above), and why this Court should not rely on either case in determining his double jeopardy challenge. Thus, the Court writes further to clarify for Defendant the holdings in those cases and explain the law applicable to his case. "Where multiple criminal offenses occur in the course of a single criminal episode or transaction, courts

employ the *Blockburger* test, codified at section 775.021(4)(a), Florida Statutes (2006), to determine whether receiving separate punishments for each offense violates double jeopardy." *State v. Drawdy*, 136 So. 3d 1209, 1213 (Fla. 2014).

In *Meshell*, the defendant violated the lewd or lascivious molestation statute twice: First, when he penetrated the victim's vagina, and second, when he penetrated the victim's mouth. *Meshell*, 2 So. 3d at 133. After considering *Blockburger*, the Florida Supreme Court concluded that the defendant's multiple punishments under the same statute did not violate double jeopardy. *Id.* Specifically, the court held that penetration of the vagina and penetration of the mouth were distinct acts because they are "sexual acts of a separate character and type requiring different elements of proof." *Meshell*, 2 So. 3d at 135. In *Graham*, the Florida Supreme Court

> clarifie[d] that *Blockburger* ultimately provides courts with two tests to apply [in deciding whether or not a double jeopardy violation has occurred]: (1) where the defendant is convicted multiple times under the same statute for acts that occurred during the course of a single criminal episode, a "distinct acts" test is used, but (2) where a defendant is convicted under multiple statutes for one act, the "different elements" test applies.

*Graham*, 207 So. 3d at 141. The court also discussed its holding in *Meshell* that "the two acts were 'distinct' because they were 'sexual acts of a separate character and type *requiring different elements of proof*, such as those proscribed in the sexual battery statute.'" *Graham*, 207 So. 3d at 139 (quoting *Meshell*, 2 So.3d at 135) (emphasis in original). The court noted that by "including the 'different elements' language in its analysis of 'distinct acts,' it appears this Court may have [merged] the two tests set forth in *Blockburger*." *Graham*, 207 So. 3d at 140 (noting further that "the district courts seem confused as to how to apply *Meshell*'s holding, which combines aspects from both tests set forth in *Blockburger*"). The court clarified that the "distinct acts" analysis applies in determining whether multiple punishments under the same statute violate double jeopardy. *Id.*

Because Defendant received multiple punishments under the sexual battery statute for acts occurring during the course of two criminal episodes, under *Blockburger* and *Graham*, the "distinct acts" test applies to this case. Defendant was charged with sexual battery for placing his penis into or in union with the victim's mouth and for placing his penis into or in union with the victim's anus and/or vagina. These are separate and distinct acts warranting a separate conviction and sentence. *See Meshell*, 2 So. 3d at 133-34 (holding that convictions for vaginal penetration or union (Count 1) and for oral sex (Count 3) involved distinct criminal acts and did not violate

double jeopardy); *see also Graham*, 207 So. 3d at 141 (holding that "under a 'distinct acts' analysis, it is clear that punishment was warranted for each individual touch" where the defendant touched the victim's breasts and then touched her buttocks); *State v. Drawdy*, 136 So. 3d 1209, 1214 (Fla. 2014) (holding that penetrating the victim's vagina with penis and touching victim's breast are distinct criminal acts and dual convictions does not violate double jeopardy). Accordingly, the Court finds that Ground 1 is without merit.

In Ground 2 of his petition, Defendant contends that his charging information was fatally defective in that in each count it charged two separate offenses in violation of two separate statutes. Specifically, he contends the acts alleged can constitute a sexual battery in violation of section 794.011(2), Florida Statutes (1991), as well as a lewd, lascivious, or indecent touching in violation of section 800.04, Florida Statutes (1991). As such, he claims, it is impossible to discern which statute he was charged with violating and to which offense he pled guilty. Because of the great disparity in the possible sentences–life on a sexual battery and 15 years on a lewd or lascivious touching–Defendant argues that vacation of his convictions and sentences is necessary to correct a manifest injustice.

A conviction based on an information that "fails to charge a crime under the laws of the state" violates due process. *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983). As such, challenges based on a fatally defective information may be raised under rule 3.800(a). "For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged." *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008). "'The overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried.'" *Richards v. State*, 237 So. 3d 426, 429 (Fla. 2d DCA 2018) (quoting *McMillan v. State*, 832 So.2d 946, 948 (Fla. 5th DCA 2002)).

Defendant is correct that the same acts can violate the sexual battery statute and the lewd, lascivious, or indecent molestation statute. Specifically, section 800.04(3), Florida Statutes (1991), prohibits a person from committing "an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years." Section 794.011(1)(h), Florida Statutes (1991), in turn defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." But, contrary to Defendant's argument, it is possible—indeed, it is clear—which statute he was

6 of 7

charged with violating. At the top of his information it lists four counts of capital sexual battery. (*See* Ex. 1). Each count of the information alleges that he committed a sexual battery and cites to section 794.011(1)(h)—the sexual battery statute. Nowhere does the information cite to section 800.04. Thus, the information sufficiently and clearly charged Defendant with sexual battery—not lewd or lascivious conduct—and his convictions and sentences do not violate due process or constitute a manifest injustice. Accordingly, Defendant is not entitled to relief under rule 3.800(a).

In sum, Defendant has not demonstrated he is entitled to habeas relief of immediate release from prison. Instead, his claims should have been raised by a timely rule 3.850 postconviction motion or a rule 3.800(a) motion to correct an illegal sentence. If treated as a rule 3.850 motion it would be denied as untimely and without merit. To the extent that Ground 2 may be considered under rule 3.800(a), his convictions and sentences do not violate due process or need to be corrected to correct a manifest injustice.

Based on the above, it is

**ORDERED AND ADJUDGED** that Defendant's Petition for Writ of Habeas Corpus is hereby **DENIED**.

**DEFENDANT IS HEREBY NOTIFIED** that this is a final order and he has thirty days from the date of this order to appeal, should he choose to do so.

**DONE AND ORDERED** in Chambers at Clearwater, Pinellas County, Florida this ___ day of February, 2019. A true and correct copy of the foregoing has been furnished to the parties listed below.

Chris Helinger, Circuit Judge

cc:     Office of the State Attorney

        Terry Nida, DC# 140731
        Okeechobee Correctional Institution
        3420 N.E. 168th St.
        Okeechobee, FL 34972-4824

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY

STATE OF FLORIDA

vs.

CASE NO. 87-01377CFAES
DIVISION: 02

MARVIN GILL
SPN: 0023295

ORDER

THIS CAUSE coming on to be heard before the Court on the Evidentiary
Hearing regarding ground three (3) and ground fourteen (14) of Defendant's Motion for
Post Conviction Relief filed May 23, 1999, and the Court hearing argument of counsel,
the Court finds as follows:

1. Relief is granted on ground three (3). Defendants convictions on Counts
   two (2) and five (5) of the indictment are hereby vacated. The Court finds
   that because the victims in this case were under the age of twelve (12) at
   the time of the offense, Defendant cannot be convicted under §800.04 (2),
   Florida Statutes (1987). See Jozens v. State, 649 So.2d 322 (Fla. 1st DCA
   1995).

2. Relief is denied on ground fourteen (14). The Court finds that it does
   retain jurisdiction to order fees and costs.

DONE AND ORDERED in Chambers, New Port Richey, Pasco County, Florida,
this 4ᵗʰ day of January, 2002.

_____
Circuit Court Judge

Copies to:
    Samuel J. Williams, Esq.
    State Attorney's Office

004384

99

Case 8:19-cv-01507-SBM-MRMS Document 61-1 Filed 07/15/19 Page 100 of 102 PageID 394
Case 8:19-cv-01507-SBM-MRMS Document 61-1 Filed 07/08/19 Page 52 of 53 PageID 394
USCA11 Case: 22-12743   Document: 2   Date Filed: 08/22/2022   Page: 103 of 105

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
### IN AND FOR PASCO COUNTY, FLORIDA

STATE OF FLORIDA        Case No.    87-1377CFAES
                    Division:    2

vs.                               22285

MARVIN C. GILL

### *FINAL ORDER ON DEFENDANT'S MOTION FOR POST CONVICTION RELIEF*

THIS CAUSE came before the Court on the Defendant's Motion for Post

Conviction Relief, filed on May 23, 1999, pursuant to Fla.R.Crim.P. 3.850. The

Court entered an Order dated August 25, 2000 compelling the Office of the State

Attorney to show cause as to why Defendant is not entitled to an evidentiary

hearing with respect to ground fourteen (14) and to ground three (3) with regard

only to Defendant's conviction for lewd and lascivious under §800.04(2) as

reflected in the Judgment and Sentence. The Court denied Defendant's Motion

for Post Conviction Relief as to all other grounds. The Order provided that

Defendant should not appeal this Order until a Final Order has been issued. On

January 24, 2001, the Court entered an Order directing an evidentiary hearing on

ground fourteen (14) and ground three (3) with regard only to Defendant's

conviction for lewd and lascivious behavior under §800.04(2) as reflected in the

Judgment and Sentence. The Order provided that Defendant should not appeal

this Order until a Final Order has been issued. On January 2, 2002, an

evidentiary hearing was held and on January 4, 2002 the Court entered an order



100

granting relief on ground three (3) and denying relief on ground fourteen (14).
In its ruling on ground fourteen (14), the Court found that it did have jurisdiction
to order fees and costs. Based on the Court's ruling, Defendant, by and through
his undersigned attorney, filed notice that he did not object to the amount of fees
and costs previously ordered as a lien. Therefore, it is

ORDERED AND ADJUDGED that fees and costs in the previously
ordered amount of $9,307.00 are hereby imposed as a lien. The previous Orders
of the Court are incorporated by reference.

DEFENDANT IS HEREBY NOTIFIED that he has thirty (30) days from
the date of this Order to file appeal of the previously denied grounds of his
Motion for Post Conviction Relief.

THE CLERK IS HEREBY DIRECTED to send a copy of this Order to
Defendant by certified mail, return receipt requested.

DONE AND ORDERED in Chambers, New Port Richey, Pasco County,
Florida, this _____ day of January, 2002.

Circuit Court

Copies to:
Samuel J. Williams, Esq.
State Attorney
Marvin C. Gill, Defendant
    Land O' Lakes Detention Center
    20101 Central Boulevard
    Land O' Lakes, FL 34639

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
MARVIN GILL
Street, Apt. No.; or PO Box No.
20101 CENTRAL BLVD
City, State, ZIP+4
LAND O' LAKES FL 34639

Case 8:19-cv-01507-SDM-MRM Document 7-1 Filed 07/15/19 Page 102 of 102 PageID 206
Case 8:19-cv-01507-SDM-MRM Document 6-2 Filed 07/08/19 Page 9 of 102 PageID 104
USCA11 Case: 22-12743    Document: 2    Date Filed: 08/22/2022    Page: 105 of 105

FIRST-CLASS MAIL

Hasler
07/05/2019
US POSTAGE $002.35⁰

ZIP 34972
011E11681620

OKEECHOBEE
CORRECTIONAL
INSTITUTION
34972

Marvin C. G111-827207-G3-116⁴
Okeechobee Correctional Institution
3420 N.E. 168ᵃ Street
Okeechobee, Florida 34972

Legal Mail

SCREENED
By USMS

United States District Court
Middle District of Florida
Office of The Clerk
United States Court House
801 N. Florida Ave.
Tampa, Florida. 38602-3800

MAILED FROM
OKEECHOBEE CORRECTIONAL
INSTITUTION

102